OPINION of the Court, by
Judge Owsley.
This writ of error is brought to reverse a judgment of the county court of Fayette, in refusing to admit to record a writing purporting to be the last will and testament of James Happy, deceased.
Since the decision of the County Court, the original writing is proved to have been either lost or mislaid, so that it cannot now be produced ; and it is objected that probate cannot be granted by the county court on a copy, but that the only appropriate remedy is by bill in equity.
We are unable to perceive any force in this objection. The case of a lost will is no where excepted by the statute from the jurisdiction given to the county courts in testamentary matters; and upon principle we do not suppose such a case should form an exception. Upon the decease of the testator, the legatees became invested with a perfect right to the property under the will: they had a right to demand probate of the will; and it became the duty of the county court, in the exercise of their testamentary jurisdiction, upon proper proof, to grant the probate.
In deciding whether probate ought or ought not tobe granted, the county court, it is true, should require the original will to be produced, if to be had ; not, however, because it is necessary to give them jurisdiction of the matter, but in obedience to the rule requiring the best evidence the nature of the case is susceptible of: but if the original is not to be had, then as a copy constitutes the best evidence in the power of the party, upon itsi production the county court, under the influence of the same rule, should proceed either to grant or refuse the probate. ’
If then the probate may be granted upon the production of a copy of the original, the question occiiis, was *554 James Happy, the testator, of disposing mind and me* piory when the original was executed ?
The evidence on this point is certainly not of the most conclusive character ; but we think it sufficient to show the testator was, at the making the will, of disposing memory. The subscribing witnesses both think he was so; and the circumstances detailed in evidence do not conduce to a different result.
The judgment of the county court must, therefore, he reversed with costs; the cause, together with the copy of the will now before this court, remanded, and the Copy admitted to record in that court.