## Garret G. Harring and others v. Catharine Allen.

*Will: Revocation: Evidence: Declarations.* In a suit to test the validity of an alleged will, which is missing, and not produced, where the former existence and regular execution and contents of the will are not controverted, but the questions litigated are, whether the decedent had not destroyed the will in such manner as to revoke it, and whether the will was not originally procured by undue influence, and the fact of its destruction by the decedent is disputed, declarations of the decedent, manifesting dissatisfaction with the dispositions of the will, though not made at the time of the alleged acts of spoliation, are competent evidence, bearing both upon the question of the destruction of the will by the decedent, and upon the intent of his acts.

*Will: Mental capacity: Evidence: Declarations.* Where an alleged will is contested upon grounds relating to the mental condition of the testator at the time it was executed, and also to the procurement thereof by undue influence, declarations of the testator, whether made before, or after the will, relating to its dispositions and in opposition thereto, are competent evidence bearing upon the fact of mental capacity; but they are not competent evidence of the distinct fact of undue influence.

*Heard October 10.    Decided October 15.*

Error to Lenawee Circuit.

25 MICH.—64.

*C. A. Stacy,* for plaintiffs in error.

*A. Howell,* for defendant in error.

GRAVES, J.

This is a writ of error brought to reverse an order of the circuit court for the county of Lenawee, reversing an order of the probate court of that county, which adjudged that Jacob D. Harring, late of that county, died intestate.

It appears by the record, that the decedent in the fall of 1864, made a will containing a devise to his daughter, Mrs. Allen, the defendant in error, and that Ebenezer Harmon, one of the plaintiffs in error, and administrator under the order of the probate court, was named executor, and that, from the time it was made, he had the custody of the will until a few days before the death of Mr. Harring, which occurred in February, 1865, when it went into the custody of the latter, and was either destroyed, or disposed of in some way, so as not to be forthcoming. An issue was framed in the circuit court, and the case was there tried by jury.

The former existence of the instrument seems not to have been controverted on the trial. Evidence was given of its regular execution, and of its contents. Mrs. Allen, who propounded it, claimed that it had been fraudulently destroyed or suppressed; and the plaintiffs in error maintained that it had been legally revoked by its author, by tearing it during his last sickness; and are also understood as having insisted that it was originally procured to be made by undue influence.

The only questions in the case, relate to rulings upon the admission of evidence, and so far as material, they fall under two general heads. Anticipating that the defendant in error would rely upon a clause in the statute of 1861,

relating to evidence, to support several of the rulings of the circuit judge, the counsel for plaintiffs in error argued, that the statute was not applicable. But the counsel for defendant in error not having relied upon the statute, we find it unnecessary to show its inapplicability.

The plaintiff in error gave evidence conducing to show that decedent tore the will in pieces, and then directed it to be burnt, and that it was burnt accordingly. If these acts occurred as represented, if they were spontaneous, and if the old gentleman had, at the time, the requisite mental capacity, the will was revoked. But it was not conceded that the old gentleman did tear the will, or direct it to be burned. The plaintiff in error also offered to give in evidence declarations of decedent, manifesting dissatisfaction with the dispositions of the will, which expressions, however, were not made at the time of the imputed acts of spoliation. The testimony was excluded on objection of defendant in error.

Was this evidence admissible for any purpose? We are to keep in mind the fact, that the will, whose former existence was not denied, was, after all, missing; that plaintiffs in error claimed, and had given evidence tending to show, that decedent had voluntarily destroyed it; and on the other hand, that defendant in error did not admit the alleged destruction. There was, then, a question upon the truth of the statement, that decedent had destroyed the will, and also a question upon his intent to revoke. Now any declarations of decedent, adapted to disclose the state of his mind on the subject, would have borne upon the credit due to the statement, that he tore the will, and also upon his state of mind and intent in tearing the will, if he did tear it. Any free, intelligent and distinct expressions, manifesting approbation or disapprobation of the will, would have furnished more or less aid to the jury in their endeavors

to ascertain, whether in fact he did or did not tear the will, and whether, if he did so, it was done with intent to revoke.    For these purposes I think the inquiry was authorized.    It is not pretended that any expressions of the kind in question, could be used to establish specific facts embraced by the expressions. . The point to which the evidence is referred, is the state and bearing of the testator's mind, whether favorable or unfavorable, to the will.

The plaintiffs in error go further.    They now maintain that evidence of declarations by decedent, should be held legitimate upon the question as to whether the will was originally procured by undue influence.

This point is not free from difficulty.    The decisions are not harmonious, and an extended review of conflicting opinions, would be laborious and unprofitable.

Considering the question in the exact light in which this record presents it, and unaffected by the many even slight circumstances which might change it more or less, it is perhaps best to answer it by a short statement of the view to which our minds have been conducted.

The weight of authority is deemed to lead to the result, that in all cases where the ground of opposition to the allowance of the will, relates to the mental condition of the testator at the time it was executed, and also refers the procurement of the will to undue influence, the statements of the testator, whether before or after the will, relating to its dispositions, and inconsistent therewith, may be given to the jury in connection with other evidence bearing upon the fact of mental capacity.    The declarations thus admitted, are not allowed to serve as evidence of the distinct fact of undue influence, but are confined in their application, simply and exclusively, to prove the state of the testator's mind; and when the issue points to no inquiry respecting mental capacity, the evidence of declarations is

not receivable, because there is then no element in the issue to which such evidence could properly apply. The force of the declarations, to prove the condition and attitude of the testator's mind, will, of course, depend upon an endless variety of circumstances, and in each case the good sense of the jury must ascertain it, and decide.

I think the order of the court below should be set aside, with costs, and a new trial ordered.

The other Justices concurred.