IN THE MATTER OF THE APPEAL OF AMELIA A. HOPE ET AL.

*Evidence of contents of alleged subsequent will.*

Where a will is contested on the ground that there was a later will, the existence of which proponents deny, the proponents can hardly object to parol evidence of its contents on the ground that the alleged will itself is the best evidence.

Judgments cannot be reversed for errors that have not been excepted to.

Evidence of declarations made by a decedent and tending to show a change of mind in regard to the disposal of his property and an actual alteration thereof are admissible, in proceedings to contest his will, to corroborate the testimony of a witness as to the existence and contents of a later will; and the rejection of such evidence is irreconcilable with the admission of evidence offered by the proponents to disprove such testimony, and is prejudicial to the contestants.

Error to Kalamazoo. Submitted June 7. Decided June 14.

APPEAL from the probate of the will of Isaac Stevens. Contestant brings error. Reversed.

*H. C. Briggs* for contestants appellant. Revocation of a will may be shown by the acts, conduct and declarations of the testator: *Smiley v. Gambill* 2 Head 164; *Ford v. Ford* 7 Humph. 104; *Boudinot v. Bradford* 2 Yeates 170; *Betts v. Jackson,* 6 Wend. 173; *Lawyer v. Smith,* 8 Mich. 411; *Harring v. Allen* 25 Mich. 505; *Schultz v. Schultz* 35 N. Y. 653; *Youndt v. Youndt,* 3 Grant's Cas. 140; *Whiteley v. King* 17 C. B. (N. S.) 756.

*O. W. Powers* for proponents appellees.

GRAVES, C. J. It was decided by the probate court that an instrument made by the intestate in 1862 was his last will and testament, and the contestants appealed from this decision and the proceedings had on the trial in the appellate court are now before us for review. No question arises

on the formalities of the instrument exhibited for probate. The position taken against it is that the decedent a few months before his death, which occurred in December, 1879, made another and later will which cannot now be found, but which contained an express revocation of the earlier will. The real issue was therefore whether there had been such second will.

The chief evidence for contestants on this issue was the deposition of Mr. Wood, who swore to the drawing and execution of such second will and to the surrounding circumstances and to the fact that it contained a clause of revocation.

The counsel for proponents raised several objections to parol evidence of the contents of this document, because it was not the best evidence; which amounted to an assumption that the will itself, whose existence they denied, was to be deemed producible for the purpose of showing what it contained. These objections were all improper because it was a part of the proponents' case that no such will had ever existed and of course could not be produced. They served, in connection with the rulings made upon them, to perplex the investigation and swell the record with improper matter. No fatal consequences seem to have followed, because the facts were at last got before the jury. It is entirely plain that the event of the contest depended on the evidence of Wood. If that was believed it would follow that there was a second will which expressly revoked the instrument offered for probate. If it was not believed, there was nothing to hinder the last-named paper from being established as the final instrument.

By a special finding the jury determined against Wood's testimony and found that it was not true that a second will was made.

Many points in the case which otherwise would be subject to grave criticism are either not excepted to, or are rendered practically immaterial by this finding; and unless some substantial error was committed in rejecting or admitting evidence bearing on the subject, or in charging or

refusing to charge in relation thereto, the result ought not to be disturbed; because we are not satisfied that any other rulings are shown which the contestants are in a situation on this record to insist on, and in regard to the charges and refusals bearing on this finding we are inclined to think that none are pointed out by exceptions which amount to prejudicial error. The case is, however, different in respect to the rulings on the evidence. We have seen how much depended on Wood's credit, and we have also seen that the jury, acting on the case given to them, rejected his statement.

The contestants offered to show certain declarations of decedent made shortly before his death indicating that his mind had undergone a change in regard to the disposal of his property since the first will, and that he had in fact altered the disposition. This evidence if admitted would not have been weighty, but it would have tended to corroborate Wood, and for that purpose it was admissible. But the court on objection excluded it. This is not all, however. Evidence was subsequently offered by proponents of the same nature, but tending AGAINST the correctness of Wood's testimony, and notwithstanding the former ruling the court set aside contestants' objection and admitted it. These rulings cannot be reconciled, and they were prejudicial to contestants.

The case must be reversed with costs and a new trial granted.

CAMPBELL J. and COOLEY J. concurred.