FREDERICK BLANCK v. PETER HIRTH.

*Estrays—Replevin—Identity.*

In replevin for impounded cattle defendant gave notice that he would show they were running at large on the highway. On the trial he offered to show that they were part of a large herd that were on and off the highway at pleasure, and with only a thirteen-year-old boy to look after them, but he declined to assume the burden of showing that these particular cattle were actually in the highway themselves. *Held* proper to exclude the evidence offered, and to order a verdict for plaintiff.

Error to Wayne. (Jennison, J.)    Jan. 15.—April 15.

REPLEVIN.    Defendant brings error.    Affirmed.

*O. F. Hunt* and *Griffin & Warner* for appellant.

*William Look* and *Edgar Weeks* for appellee cited as to the construction of How. Stat. § 2108, *Holden v. Torrey* 31 Vt. 690; *Bruce v. White* 4 Gray 345; *Rockwell v. Nearing* 35 N. Y. 302; 1 Hilliard on Torts 487.

SHERWOOD, J.    The plaintiff in this case brought replevin for eight cows. The declaration was in the usual form, and the plea was the general issue, with notice thereunder that the defendant would show that the cattle mentioned were seized and impounded for going at large on the highway.

The first section of the statute under which the defendant claimed the right to seize and impound the plaintiff's cattle, provides that it shall not be lawful for any cattle, horses, sheep, or swine to run at large in any public highway; and the second section says : " It shall be the duty of the overseer of highways to seize and take into his custody and possession any animal forbidden to run at large, which may be running at large in any highway of which he is overseer, contrary to the   *   *   foregoing section." How. Stat. §§ 2106, 2108.

The overseer of highways of the township of Springwells, near Detroit, in the month of June, 1883, took into his possession, under the above statute, a herd of about forty cows,

among which were the cows of the plaintiff mentioned in the declaration, and impounded them upon the premises of the defendant, who refused to surrender them to the plaintiff, on demand therefor, unless he would pay defendant two dollars per head, which plaintiff declined to do, and brought suit. On the trial, the plaintiff's testimony showed that his cattle at the time of the seizure were in charge of his son, a boy thirteen years old, and were going upon a plat of vacant lands known as the "Crane and Reeder Tract," in Springwells, with several other herds; that at the time of the seizure none of the herds were upon the highway; that when the cattle were taken by the commissioner, which was about eleven o'clock in the forenoon, he immediately drove them to the premises of the defendant and there detained them till four o'clock P. M. the next day, when they were replevied. Plaintiff then gave evidence of damage he had sustained by the taking and detention, and rested his case. The defendant's counsel thereupon offered to show that at the time of the seizure the cattle of plaintiff were a part of a herd of forty cattle belonging to different persons; that the plaintiff's cattle had been purposely mixed with cattle of the other owners, which were running on and off the highway at pleasure without being under the efficient control of any keeper, for the purpose of preventing identification, and had been so running from about the first of May previous in said township of Springwells; that two days previous to the seizure the herd had been running upon the highway without a keeper.

At this point the court asked defendant's counsel if he "proposed to show that the identical cows described by this writ were upon the highway at the time these cattle were taken." Counsel in answer stated that "we do not propose to offer any evidence identifying the actual cattle in the highway as the cattle of the plaintiff; we cannot do it." The question was again substantially repeated by the court to counsel, who again answered: "I do not know whether they were or not; but the defendant will not take upon himself the burden of showing that any cattle belonging to the plaintiff were actually upon the highway." Thereupon the

court ruled that the testimony offered by the defendant was inadmissible, and no other testimony being offered, the court directed a verdict for the plaintiff. The defendant's exceptions to this ruling and this direction by the court raise the only questions presented for our consideration in this case. The defendant's offer of proof did not go to the extent of showing no person in control of the plaintiff's cattle, but only that such control was not efficient. Whether it was efficient or not was of no consequence so long as the defendant did not propose to show the cattle were neither upon his land nor in the highway when seized. *Bertwhistle v. Goodrich* 53 Mich. 457; *Newsom v. Hart* 14 Mich. 233; *Campau v. Langley* 39 Mich. 451.

It is difficult to see upon what theory the defense could be maintained upon the statement of counsel for the defendant under the law as laid down by this Court. We think the circuit judge, in neither the ruling made nor direction given, committed any error, and

The judgment must be affirmed.

The other Justices concurred.