## BUSH *v.* DELANO.

113    321
s71ᴺᵂ 628
131    ⁷657

113    321
f136 ⁷199

1. WILLS—WITNESSES—INTEREST—CROSS-EXAMINATION.

In the contest of a will, proponents' counsel, for the avowed purpose of showing the interest of one of the contestants, who was sworn as a witness, cross-examined her closely as to whether certain of the contestants had not professed a willingness in the probate court to withdraw from the contest. The witness had previously frankly admitted her ill feeling towards proponents. *Held,* that the examination was not competent for the purpose stated.

2. SAME.

The inquiry, however, was made competent by contestants' placing in evidence a letter written by one of the proponents, in which the decision of the contestants previously mentioned to withdraw from the contest was asserted; it being proper to show that this was not a misstatement.

3. SAME—EVIDENCE.

The extent to which a testator had aided or failed to aid his immediate relatives is a pertinent inquiry, where the will is contested on the grounds of incompetency and undue influence.

113 MICH.—21.

4. SAME—MENTAL INCAPACITY—FORGETFULNESS.

While individual instances of forgetfulness on the part of a testator do not show mental incapacity to make a will, an instruction that forgetfulness has no tendency to prove a want of capacity is erroneous.

5. SAME—UNDUE INFLUENCE—BURDEN OF PROOF.

The rule that the burden of proving that a will was obtained by undue influence rests upon the contestants is qualified where the will was drawn by one named as legatee therein; the burden in such case being upon the proponents to show that the instrument was in all respects fair and honest, and expressed the will of the deceased.

6. SAME.

Undue influence in the procurement of a will need be established by a preponderance of the evidence only. *Maynard* v. *Vinton*, 59 Mich. 153, in so far as it implies that the proof must be inconsistent with any hypothesis but that of undue influence, disapproved.

7. SAME—STATE OF MIND—DECLARATIONS OF TESTATOR.

In so far as the testator's state of mind is material in the contest of a will for mental incapacity and undue influence, declarations by him to the effect that he intended to make provision by will for certain relatives are admissible; but not for the purpose of showing that undue influence was exerted over him by other legatees.

Error to Allegan; Padgham, J. Submitted February 11, 1897. Decided June 7, 1897.

Charles A. Bush and others presented for probate the will of William R. Delano, deceased. William Delano and others appealed to the circuit court from an order probating the will. From a judgment for proponents, contestants bring error. Reversed.

*Ed. J. Anderson* and *Osborn, Mills & Master*, for appellants.

*O. Tomlinson* and *C. R. Wilkes*, for appellees.

MONTGOMERY, J. Error is brought to review proceedings on the trial of an issue over the probate of the will of

William R. Delano. The jury sustained the will, and contestants bring the case here on error. Deceased was a bachelor, 82 years of age, at the time of the execution of the will. His heirs at law were his brother and sister and the children of deceased brothers and sisters. William and John Delano were nephews, sons of a brother of the deceased. The contestants gave testimony tending to show loss of memory, and tending, as it was claimed, to show that deceased felt himself under obligations to his nephew William Delano more particularly. William was named as legatee in the will, he being given 100 acres of land, but subject to the payment of $15 an acre to other legatees. John was given a life estate in 60 acres of land, which was subject to the same charge of $15 an acre. It is claimed that this was all the life estate in the land was worth. There was testimony tending to show that William at one time had been a tenant of deceased, and that the deceased was a smoker, and that, shortly after he had visited the barn one night, it took fire, and burned, with all the crops belonging to William, from which he suffered, for him, a very severe loss; and testimony was offered tending to show that deceased had assured the wife of William that he intended to make up this loss to William. The circumstances, it is claimed, indicated that the fire was occasioned by the carelessness of deceased. It further appeared that the will was drawn by the brother of deceased, Luther Delano, one of the proponents here, who was made a residuary legatee, and who was also named legatee in specific bequests of considerable amount. The will was contested on the grounds of mental incompetency and undue influence. Both questions were submitted to the jury by the trial judge, and the questions which we are asked to review relate to alleged errors in the rejection of certain offered testimony, in the admission of certain testimony offered on behalf of proponents, and in the charge of the court. We shall discuss only such questions as are likely to arise on a new trial.

On the cross-examination of Lillian Delano, a witness for the contestants, proponents' counsel asked her whether, on the occasion of the contest before the probate judge, certain of the contestants did not say that they were going to withdraw from the contest, and leave it to Luther Delano to say whether they ought not to have more than the will gave them. It appears that these parties are still contesting the will. The avowed purpose of this examination was to show the interest of the witness. But the witness frankly avowed her ill feeling towards proponents in answer to the first question asked, and we cannot escape the conclusion that the line of inquiry pressed was calculated to impress the jury with the view that the contestants thought of withdrawing their contest because of a want of confidence in their cause. For this purpose it was clearly inadmissible, and we think it should not have been admitted as affecting the interest of the witness. But there was a purpose for which it afterwards became competent testimony, and, if this were the only question in the case, we probably should not feel justified in reversing the case on this ground. Reference is made to it in view of a new trial. The purpose for which it was made competent was this: A letter written by Luther Delano, in which the decision of John and William to withdraw from the contest was asserted, was placed in evidence by contestants. This made it competent for the proponents to show that this was not a misstatement.

We think it was also competent for the contestants to show the extent to which deceased had aided or had failed to assist his nephews and nieces. It was a circumstance of slight importance, but the relations of deceased to his immediate relatives were all competent and pertinent facts.

We think none of the other questions relating to the admission of testimony are likely to arise on a new trial.

The court charged the jury, in response to proponents' request, as follows:

"Now, I charge you that the fact that William R. Delano was forgetful, if it is a fact, and he knew that he was forgetful, would not of itself have a tendency to show that he was of unsound mind, or that he lacked mental capacity to make a valid will. It is necessary for the jury to find from the evidence in the case, in order to hold this will invalid, that William R. Delano, at the time of making the will, was of unsound mind; and the fact that he was old and physically infirm or forgetful would not of itself have any tendency to prove that he was of unsound mind."

We think this instruction went too far. It may be correct to say that individual instances of forgetfulness do not show mental incapacity; but to say that forgetfulness has no tendency to prove want of capacity is to hold that evidence of forgetfulness should not be received by the court. No one will contend but that some memory is necessary to enable a party to make a valid will. He must have sufficient memory to be able to keep in mind the nature and extent of his property and those who would be the natural objects of his bounty, and, if the evidence of his forgetfulness was such as to convince the jury that he lacked this mental capacity, it was enough to defeat the will.

The circuit judge charged the jury, in answer to the request of contestants:

"You are instructed that while the evidence that the will in question was drawn by Luther R. Delano, who was named as a legatee therein, does not of itself invalidate the will, it calls for satisfactory explanation, and imposes upon those who present the will for probate the burden of showing to your satisfaction that it was in all respects fair and honest, and expressed the wish and desire and will of William R. Delano."

This instruction seems to be supported by the weight of authority. *Yardley* v. *Cuthbertson*, 108 Pa. St. 395 (56 Am. Rep. 218); *Montague* v. *Allan's Ex'r*, 78 Va. 592 (49 Am. Rep. 384); *Brown* v. *Bell*, 58 Mich. 58. It is contended that this instruction is inconsistent with a further instruction which the judge gave on his own motion, that—

"The burden of proof is upon the contestants to show that the making of the will was obtained by undue influence, and, in order to defeat the probate of a will of this kind, it must appear to your satisfaction by a preponderance of the evidence that undue influence was employed."

That this instruction was correct as an abstract proposition of law is conceded, but it is claimed that it was not applicable to this case. It clearly was not, unless it can be said that the previous instruction, relating specifically to the relation of Luther R. Delano to the making of the will, was a qualification of the general instruction. It is, at least, doubtful whether the jury would draw this inference.

But in the same connection a more patent error was committed, when the jury were told that—

"The influence, to vitiate this will, must have been such as to amount to force and coercion, destroying his free agency; and there must be proof that the will was obtained by this coercion, and it must be shown that the circumstances of its execution are *inconsistent with any hypothesis but that of undue influence*, which cannot be presumed, and must be proved in connection with the will, and not with other things."

We think this instruction, so far as it requires that proof of the circumstances of the execution of the will shall be inconsistent with any hypothesis but that of undue influence, casts a burden upon the contestants in the case which the law does not impose upon them. This question was before the supreme court of Missouri, and distinctly ruled, in *Gay* v. *Gillilan*, 92 Mo. 250 (1 Am. St. Rep. 712); and this court has often held that any rule requiring any more than the weight of evidence is erroneous. *Ferris* v. *McQueen*, 94 Mich. 367; *Gumberg* v. *Treusch*, 103 Mich. 543. But it is said that the court followed the language adopted in the decision in *Maynard* v. *Vinton*, 59 Mich. 153 (60 Am. Rep. 276), and quoted in *Severance* v. *Severance*, 90 Mich. 417. It may properly be said, as contended by contestants' counsel, that the fact that the language quoted was employed

in the decision of a case does not necessarily show that it was proper for the trial court to use the language in an instruction to a jury. But I go further, and say that in *Maynard* v. *Vinton* the language of the court stated an incorrect rule. It is not the rule that proof in a will case, in order to defeat the will, where the burden rests upon the contestants, need be of any greater force than to amount to a preponderance of the evidence. It need not exclude all other possible hypotheses than that undue influence was exerted. While the language employed in the case cited very naturally led the circuit judge to give this instruction, we are constrained to hold that it was error.

Some criticism is made on the instruction given by the trial judge relating to evidence which was offered tending to show a declaration by the deceased of an intention to make certain provision for his nephews John and William Delano. It may suffice to say that these declarations were not admissible for the purpose of showing the fact that undue influence was exerted. In so far as the *state of mind* of the testator was material in the inquiry as to whether undue influence was exerted, the declarations of deceased, showing his state of mind, were admissible upon that issue, as well as upon the issue of mental capacity. See *Beaubien* v. *Cicotte*, 12 Mich. 459; *Haines* v. *Hayden*, 95 Mich. 332, 346 (35 Am. St. Rep. 566); 27 Am. & Eng. Enc. Law, 505; *Harring* v. *Allen*, 25 Mich. 505, 508.

For the errors pointed out, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.