### ZIBBLE *v.* ZIBBLE.

1. WILLS—CONTEST—ADMISSIONS OF PROPONENT.
   On the contest of a will, it is competent to show that proponent, who is a party in interest, 10 years before the will was made, filed a petition in the probate court, stating that decedent was mentally incompetent.

2. SAME—DECLARATIONS OF TESTATOR—UNDUE INFLUENCE.
   The declarations of a testator are admissible to show the condition of his mind, but not to establish the fact of undue influence.

3. SAME—INSTRUCTIONS TO JURY.
   Where, on the contest of a will on the ground of undue influence by testator's wife, there was evidence that testator had said that his wife gave him no peace, and threatened to leave him if he did not deed her his property, a request to charge that the statements of testator were not evidence of undue influence, and could not be used to establish that fact, should have been given.

Error to Lenawee; Chester, J. Submitted October 8, 1902. (Docket No. 21.) Decided December 2, 1902.

Mary Jane Zibble presented for probate the last will and testament of Bradley Zibble, deceased. The will was allowed in probate court, and Clarence Zibble and Julia Dunscomb appealed to the circuit. From a judgment for contestants, proponent brings error. Reversed.

*J. N. Sampson* and *Fred B. Wood*, for appellant.

*Watts, Smith & Baldwin*, for appellees.

MONTGOMERY, J.   On the trial of this case at the circuit, the jury found against the will offered for probate, and the proponent brings error.

Evidence was offered bearing upon the question of the testator's mental capacity, and also tending to show undue influence exerted by his wife, who is the proponent.   Testimony was also offered tending to show statements made from time to time by decedent to his various children to the effect that his wife "gave him no peace of his life," and, as he expressed it, "she dingdongs at me from morning till night;" that she threatened to leave him if he did not deed her his property, but that he was not going to do it; and other testimony of a similar trend.

The contestants also offered in evidence a petition filed in the probate court by proponent on the 9th of December, 1887, stating that decedent was mentally incompetent, which petition was signed and sworn to.   This petition was received against the objection of proponent's counsel, and error is assigned upon its admission.   The will bore date in May 1897.   We think the declaration of proponent, who is a party in interest, as to decedent's mental capacity, was admissible.   See *Potter's Appeal*, 53 Mich. 106 (18 N. W. 575); 27 Am. & Eng. Enc. Law (1st Ed.), p. 507.

At the close of the testimony, proponent's counsel requested the court to charge that the statements and representations of Bradley Zibble are not evidence of undue influence, and cannot be used to establish that fact.   This request was refused.   Counsel appear not to be in disagreement as to the law upon this subject.   That such declarations as were offered in this case were admissible as bearing upon the state of mind of the testator, and to prove the effect of the alleged influence, or, as is well put in 27 Am. & Eng. Enc. Law, 506, "that they may be shown to establish everything pertaining to the testator himself, as distinguished from matters which go to show the act of influence," is apparently conceded.   On the other hand, contestants admit that the declarations of

decedent as to the fact of undue influence cannot be considered as establishing such fact; and such is the rule established by this court in *Harring* v. *Allen*, 25 Mich. 505, and *Bush* v. *Delano*, 113 Mich. 321 (71 N. W. 628). Contestants, however, contend that the instruction asked in this case upon that subject was inappropriate, for the reason that there was no testimony offered of statements directly to the effect that undue influence had been exerted in securing the execution of this will, or, as they put it, that there was no proof or claim in the case that any statements had been made showing the fact of undue influence, so that there was no evidence to warrant the charge requested.

The question, more properly, is whether there was any testimony of declarations which the jury might have construed to show the fact of undue influence. If there was, the circumstance that such declaration did not directly relate to an influence exerted in securing the execution of the will itself would add force to, rather than weaken, the objection to its being used as substantive proof of the fact of undue influence. That such an inference might have been drawn by the jury we think is fairly deducible from the charge of the court, a portion of which is as follows:

"If Mrs. Zibble, by any wrongful and fraudulent means or design, got control of and did control the mind and will of Bradley Zibble, so that he did not make the will in question as his own free will and desire, if she wrought such influence over him, whether by blandishments, if you find any, or by threats to leave him, or by continually dinging and importuning him until he could have no peace of mind or comfort with her, and she did this fraudulently, and with intent that he should not use his own desire and free agency in making his will, and he was influenced by such fraudulent doings on the part of Mrs. Zibble, this would constitute undue influence, and you would find for contestants on this point."

The illustrations here employed evidently relate to influence shown to have been exerted, if at all, by testimony of statements made by decedent. In view of this treat-

ment of the case, it would be impossible for us to say that the jury might not have used the testimony of declarations of the decedent as a basis for the verdict establishing undue influence. The instruction requested was therefore appropriate, and should have been given.

It follows that the judgment must be reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.