EWING v. McINTYRE.[1]

1. PROBATE COURTS—JURISDICTION—LOST WILLS.
    Under 1 Comp. Laws, §§ 650, 651, conferring general authority on probate courts to probate wills and settle estates, a probate court may admit to probate a lost or destroyed will.

2. SAME—APPEAL—AMENDMENT OF PETITION.
    A petition for the probate of a lost will may be amended in the circuit court on appeal by setting up the contents of the alleged will, the case having been fully tried in the court below.

Error to Wayne; Donovan, J.   Submitted February 4, 1903.   (Docket No. 70.)   Decided June 23, 1903.

[1] Rehearing denied October 5, 1903.

Petition by Augusta Ewing for the probate of a lost or destroyed will, alleged to have been executed by Archibald P. McIntyre, deceased. The petition was denied in the probate court, and proponent appealed to the circuit. From a judgment for contestants, Delos McIntyre and others, on verdict directed by the court, proponent brings error. Reversed.

*Maybury & Lucking* (*Dohany & Dohany* and *Richard I. Lawson*, of counsel), for appellant.

*Bowen, Douglas, Whiting & Murfin* and *S. S. Babcock*, for appellees.

HOOKER, C. J. We are asked to decide in this cause whether there is jurisdiction in our probate courts to probate a lost, suppressed, or destroyed will, when the citation of such a court is ineffective to compel its production before the court.

One Augusta Ewing made the petition for probate, as a beneficiary. It states the decease of one Archibald P. McIntyre, in May, 1900, leaving a will, and an estate of about $200,000 in real and personal property. The names of the heirs at law are given, all being collateral. It also names some heirs of his wife, who are said to be beneficiaries under the alleged will. Petitioner is a niece, and her petition states, upon information and belief, that testator duly executed the will after September 1, and before October 31, 1896; that his brothers were given nothing by the will; that the will was placed in his private box, with his papers, and kept in his desk up to the time of his death; that while he lay dead, and on May 14, 1900,—as she is informed and believes,—two of the persons named examined these papers, and removed them all, including the will, and, immediately after the funeral, hastily and unexpectedly departed for New York, with the papers and other property, and have not returned the will, but instead, on petition of one Helen Lamphere, have been and are proceeding with the administration of the estate

in their own interest, as heirs at law of the deceased, ignoring the rights of the beneficiaries under the will, who are entitled to it. The petition prayed that the will be admitted to probate, and for citations and processes necessary for its discovery and production, and special administration meantime. The printed record contains nothing to show what was done in probate court, but counsel for the appellees state in their brief that citations were issued, and no will was discovered, and the petition was denied. An appeal was taken, and came on to be heard before the circuit court, and, after a statement of proponent's case, the judge directed a verdict for the respondents (or contestants), whoever they may be. The printed record does not seem to show who made the defense, or who appeared and answered, or the nature of the answers, if any were filed. The proponent has appealed.

Objection was made to the introduction of proof under the petition, for the reasons:

1. Because it shows the alleged will to have been stolen, and that no effort has been made to bring in the persons who are alleged to have taken it.

2. That the contents and provisions of the alleged will are not stated.

Counsel for the proponent admitted the insufficiency of the petition, and asked to amend. It was stated that the point was raised in probate court, where the merits of the case were apparently litigated. The court declined to permit an amendment, and appears to have held not only that the petition was inadequate, but that under the statement of counsel in opening, which was quite full, a valid will had not been shown, and therefore directed a verdict for the respondents. Counsel supplemented the statement before the ruling, by offering to prove the " due execution of a will by the deceased in October, 1896, or facts sufficient to go to the jury;" that it was abstracted and removed, if not destroyed, by interested parties; that it existed when testator died; and to prove fully its contents as a complete will, which contents they offered to make a part of the petition by amendment.

If the probate court had jurisdiction to permit the establishment and probate of a lost or destroyed will, we think the court had power to permit the amendment under the circumstances, the case having been fully tried in probate court, and that he would have done so but for his belief that the verdict should be directed for other reasons. We understand from the record and from the briefs that the real point upon which the action was taken was that it was not within the jurisdiction of a probate court to admit to probate a lost or destroyed will.

The jurisdiction to admit wills to probate is now quite generally conferred upon probate courts, and in other States this extends to lost and destroyed wills, in some cases depending upon statutes expressly conferring such jurisdiction, in others, under general statutes authorizing the probate of wills and administration of estates. We are of the opinion that the weight of authority sustains the jurisdiction under such general statutes, notwithstanding the case of *Buchanan* v. *Matlock*, 8 Humph. 390 (47 Am. Dec. 622), which holds the contrary. *Morningstar* v. *Selby*, 15 Ohio, 345 (45 Am. Dec. 579); *Gaines* v. *Chew*, 2 How. 619; *Gaines* v. *Hennen*, 24 How. 553; *Waters* v. *Stickney*, 12 Allen, 1 (90 Am. Dec. 122); *Clark* v. *Wright*, 3 Pick. 67; *Davis* v. *Sigourney*, 8 Metc. (Mass.) 487; *Happy's Will*, 4 Bibb, 553; *Graham* v. *O'Fallon*, 3 Mo. 507; *Apperson* v. *Cottrell*, 3 Port. (Ala.) 51 (29 Am. Dec. 239); Thornt. Lost Wills, §§ 5, 6, where the above cases are reviewed. Extended discussions of the subject will be found in several of these cases, especially *Adams* v. *Adams*, 22 Vt. 50, and *Dower* v. *Seeds*, 28 W. Va. 113, 139, 143 (57 Am. Rep. 646).

In Michigan the statute confers in general language upon probate courts authority to probate wills and settle estates. 1 Comp. Laws, §§ 650, 651. In *Lloyd* v. *Wayne Circuit Judge*, 56 Mich. 243 (23 N. W. 31, 56 Am. Rep. 378), Mr. Justice CAMPBELL says:

"There has never been any proceeding known to our laws for the mere purpose of establishing the will even

of a deceased person. The probate of wills under our statutes is merely a part of the proceedings to administer the estates of deceased persons in the court that has jurisdiction and charge of such estates. This rule is so general that in some States devises are not probated at all, and in some the probate is not conclusive, because controversies concerning land are usually tried in other courts. We have enlarged the jurisdiction in probate so as to reach lands for some purposes, and have made all wills subject to probate. But there is no case where an original probate can be granted here, except in the court having jurisdiction over the estate; it cannot be done separately."

See Gary, Prob. Law, § 189, and note.

The question has not been squarely raised in many, if any, Michigan cases, though it was involved in the recent case of *Lincoln* v. *Felt*, 132 Mich. 49 (92 N. W. 780). There a destroyed deed was admitted to probate as a will on appeal from probate court, and the order was affirmed. For other cases bearing upon the question more or less directly, see *Lawyer* v. *Smith*, 8 Mich. 423 (77 Am. Dec. 460); *Harring* v. *Allen*, 25 Mich. 505; *In re Hope*, 48 Mich. 518 (12 N. W. 682); *In re Lambie's Estate*, 97 Mich. 49 (56 N. W. 223); *Cheever* v. *North*, 106 Mich. 390 (64 N. W. 455, 37 L. R. A. 561, 58 Am. St. Rep. 499).

Assuming that an order followed the verdict, the same will be reversed, and a new trial ordered.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.