*In re* HILLMAN'S ESTATE.

1. WILLS—UNDUE INFLUENCE—EVIDENCE—SUFFICIENCY.

In proceedings for the probate of a will, contested solely on the ground of undue influence, evidence that at the time of the execution of the will testatrix was suffering from Bright's disease, probably in its last stages, which weakened her resistance to influence and suggestion, that the disposition under the terms of the will was unnatural, that proponent participated in the preparation of the will and was unusually solicitous about testatrix at that

On effect of unnatural testamentary disposition on the question of undue influence, see notes in 6 L. R. A. (N. S.) 202; 22 L. R. A. (N. S.) 1024.

On evidentiary force of circumstance that one benefited by a will was the draftsman thereof, or was active in procuring its execution, see note in 28 L. R. A. (N. S.) 270.

time, that testatrix subsequently accused proponent of compelling and coercing her into executing the same, under which accusation he remained silent, and that he denied, just before testatrix's death, that a will had been made, *held*, sufficient to sustain a verdict for contestants.

2. SAME—EVIDENCE—ADMISSIBILITY—PHYSICIANS AND SURGEONS.

It was not error to permit a physician who attended testatrix on the day the will was made, and subsequently, and who found her suffering from Bright's disease, probably in the last stages, weakened mentally and physically, to testify that a person in her condition was more susceptible to influence and suggestion than one in normal condition.

3. TRIAL—EXCLUSION OF WITNESSES—PARTIES.

Contestants to the allowance of a will are parties to the litigation, and the rule regarding the exclusion of witnesses from the courtroom is not applicable to them.

4. SAME—DISCRETION OF COURT.

Such exclusion, if the parties should be treated as witnesses, rests in the sound discretion of the trial court, and the request therefor should be seasonably made.

5. APPEAL AND ERROR—ERRORS ON ISSUE WITHDRAWN FROM JURY NOT CONSIDERED.

Where a will was contested on the grounds of mental incompetency and undue influence, but contestants had elected to go to the jury solely on the ground of undue influence, and the jury found in favor of contestants, error claimed in the refusal of a request to charge and in the admission of testimony relating to mental capacity will not be considered, on error.

Error to Ottawa; Cross (Orien S.), J.    Submitted October 12, 1921.    (Docket No. 113.)    Decided December 22, 1921.

Elon Hillman presented for probate the last will of Minnie Hillman, deceased.    The will was allowed in the probate court, and Freeman Hillman and others appealed to the circuit court.    Judgment for contestants.    Proponent brings error.    Affirmed.

*Dean S. Face* (*Louis H. Osterhous*, of counsel), for appellant.

*Smedley, Linsey & Shivel* (*Gerrit J. Diekema*, of counsel), for appellees.

STONE, J. The jury found against the will offered for probate and plaintiff brings error. Evidence was received upon the question of testatrix's mental capacity and tending to show undue influence exerted by her son, Elon Hillman, the plaintiff. At the conclusion of the proof defendants elected to go to the jury upon the question of undue influence alone, and the other question was withdrawn from consideration by the jury. Plaintiff contends:

1. That there was no evidence of undue influence and a verdict for plaintiff, therefore, should have been directed as requested. The plaintiff had credible testimony to sustain the will, but as opposed thereto, and taken and considered collectively, the facts and circumstances as claimed by defendants made a case for the jury, the facts so claimed being:

(*a*) That the will was made about three weeks before testatrix's death, when she was suffering from Bright's disease, probably in the last stages, weakened physically and mentally, 72 years of age, lacking in the power of resistance to influence and suggestion. See *In re Hoffmann's Estate*, 151 Mich. 595.

(*b*) That the disposition was unnatural and unjust in that it gave the bulk of the estate to plaintiff and his daughter and gave only small bequests to the other children, defendants, natural objects of her bounty, who had aided greatly in accumulating the property. 40 Cyc. p. 1154, and cases cited.

(*c*) That in March just before the will was made testatrix said, "when the leaves begin to come I am going to be gone;" and the will recites that testatrix was ill, without hope of cure; yet the will purports to

give to plaintiff the residue of the estate, approximately $14,000, upon condition that he care and provide for her until death. The will was made March 25, 1920. Testatrix died April 21st, following. *In re Bailey's Estate*, 186 Mich. 677.

(d) That the day the will was drawn plaintiff was alone with his mother, they talked of a will, he requested and procured an attorney to visit his mother's home and prepare the will, he was present during the preparation of the memoranda for a formal draft of the will. *In re McMaster's Estate*, 163 Mich. 210; *Dudley* v. *Gates*, 124 Mich. 440; *Bush* v. *Delano*, 113 Mich. 321; 40 Cyc. p. 1153.

(e) That plaintiff's conduct at the time was unusual, in that he visited testatrix frequently at her home in the village, remaining away from his home on a farm, stayed nights with her until he took her to his home in the country, hired an automobile for the first time for the purpose although his brothers owned cars and a garage in the village and had often taken her. *In re McIntyre's Estate*, 193 Mich. 257.

(f) That the testatrix made declarations showing her state of mind with respect to this question, particularly that about April 18th she accused plaintiff of, and upbraided him for, compelling and coercing her into making the will; that she had intended to treat all her children alike; and that plaintiff had made statements to her calculated to cause ill-will toward certain of the other children. *Haines* v. *Hayden*, 95 Mich. 332; *Zibble* v. *Zibble*, 131 Mich. 655; *In re Provin's Estate*, 161 Mich. 28; *In re Fay's Estate*, 197 Mich. 675; *In re Sparks' Estate*, 198 Mich. 421; 40 Cyc. p. 1157.

(g) That plaintiff, when accused as aforesaid by his mother, remained silent; silent, too, when, at the mother's direction, another son attempted to find the

217 Mich.—10.

will just before the mother's death; and that plaintiff denied that a will had been made. Plaintiff was one of several legatees. Whether testimony as to his statements and conduct may be admitted to the prejudice of the other legatees is not before us, no objection having been made to receiving the testimony. See *In re McMaster's Estate*, 163 Mich. 210. But see, also, *In re Ganun's Estate*, 174 Mich. 286, and cases there cited. Also note to *James* v. *Fairall*, 38 L. R. A. (N. S.) 732 (154 Iowa, 253, 134 N. W. 608).

(*h*) And the evidence also covered the general relations of the parties, and between testatrix and her children. *Page* v. *Beach*, 134 Mich. 51; *Beaubien* v. *Cicotte*, 12 Mich. 488; *Potter's Appeal*, 53 Mich. 112.

2. That it was error to permit a physician who attended testatrix on the day the will was made, and on subsequent days, and who found her suffering from Bright's disease, probably in the last stages, weakened mentally and physically, to testify that a person in her condition was more susceptible to influence and suggestion than one in normal condition. This was not error. *In re Seymour's Estate*, 111 Mich. 203; *In re Hoffmann's Estate, supra;* 22 C. J. pp. 661-669.

3. That the court erred in denying plaintiff's motion, made after the testimony of several witnesses had been taken, that the contestants be excluded from the court room. Contestants were parties to the suit. The rule as to excluding witnesses does not apply to parties. *McIntosh* v. *McIntosh*, 79 Mich. 198. And if the motion be treated as relating to witnesses, as plaintiff treats it, the matter rested in the sound discretion of the trial court. *Harrison* v. *Green*, 157 Mich. 690. And the request should be seasonably made. *People* v. *Hall*, 48 Mich. 482.

The question of mental capacity having been taken from the jury, we will not consider refusal of a request to charge, and error claimed in the admission

of testimony relating thereto.  Other questions discussed have been considered.  No reversible error appears.

Judgment affirmed.

STEERE, C. J., and WIEST, CLARK, BIRD, and SHARPE, JJ., concurred.  MOORE and FELLOWS, JJ., did not sit.