*In re* CARLSON'S ESTATE.

SWENSON *v.* BARRETT.

1. WILLS—UNDUE INFLUENCE—EVIDENCE — MERE OPPORTUNITY INSUFFICIENT.

In proceedings to contest a will on the ground of undue influence, there must be a showing of something more than mere opportunity and unequal distribution of the property, to constitute undue influence invalidating the will.

2. SAME—EVIDENCE OF EXPRESSED WISH INSUFFICIENT.

Testimony that testatrix had acquiesced in the expressed wish of her husband that their children should share equally in the property is insufficient proof of undue influence in the making of a will leaving the bulk of the property to one daughter with whom testatrix made her home.

3. SAME—FIDUCIARY RELATIONS—LEGALITY OF BEQUEST.

That testatrix was living in the home of proponent at the

time of the making of the will does not establish a
fiduciary relation between them militating against the be-
quest to proponent.

Error to Kent; Brown (William B.), J.    Submitted
January 18, 1922.    (Docket No. 90.)    Decided March
31, 1922.

Ida Swenson presented for probate the last will of
Anna L. Carlson, deceased.    The will was allowed in
the probate court, and Tillie Barrett and another ap-
pealed to the circuit court.    Judgment for proponent
*non obstante veredicto*.    Contestants bring error.
Affirmed.

*Smedley, Linsey & Shivel,* for appellants.

*Hatch, McAllister & Raymond,* for appellee.

WIEST, J.    This is a contest over the will of Anna
L. Carlson, who at the time of her death was 87 years
of age.    Proponent and contestants are daughters,
of mature years, of the testatrix.    June 5, 1920,
the will was executed, and July 14th following the
testatrix died from pleurisy.    She came to this
country with her husband from Sweden about 45 years
ago, and they acquired a small farm upon which they
lived at the time of the death of her husband, February
1, 1920.    The inventory of the estate shows the value
of the real estate to be $4,500 and personal property
$415.    The will was duly allowed in the probate court,
and an appeal taken to the circuit court where con-
testants claimed their mother was mentally incom-
petent and the will was the result of undue influence
practiced by proponent.    The issues came on for trial,
and at the close of the proofs counsel for proponent
moved the court to direct a verdict sustaining the will,
on the ground that no evidence had been given justify-
ing the submission of the issues of mental incom-

petency and undue influence to the jury. The learned trial judge expressed some doubt at that time, but left the issues to the jury with permission to proponent to renew the motion, if necessary, for judgment *non obstante veredicto*. The jury returned a verdict against the will and, in answer to special questions submitted by contestants, found the testatrix was mentally competent but undue influence was practiced in obtaining the will. Thereupon the trial court, on motion of proponent, entered judgment sustaining the will, holding there was no evidence to go to the jury upon the issues presented by contestants. The contestants bring the case here and ask that the judgment so entered be set aside and judgment ordered entered in accordance with the verdict.

The verdict of the jury may be considered as ending the contest as to the mental competency of the testatrix, and we will consider the question of whether there was evidence to go to the jury upon the issue of undue influence, and upon this we must have in mind the fact that the testatrix was mentally competent to make the will. There was no direct testimony showing any acts of undue influence practiced by proponent or any one else in her behalf, but it is claimed there was opportunity for undue influence while testatrix lived at the home of proponent and the will shows that it was contrary to the former expressed intention of testatrix. There must be a showing of something more than mere opportunity and unequal distribution of the property, to constitute undue influence. But it is said that the father had expressed the wish to have the children equally remembered and the testatrix agreed with him and the will departs from such intention and this is some evidence of undue influence exercised by the chief beneficiary. In *Re Haslick's Estate*, 195 Mich. 432, we held:

"Evidence that a testator had repeatedly told his neighbors how he was going to dispose of his property and a disposition of his property not in accordance with such statements is not sufficient proof of undue influence."

Out of her little property testatrix willed proponent about $3,300 and contestant Emma Broman $1,000, and contestant Tillie Barrett $100, and at the time of executing the will explained her reasons for doing so. She first told the person who drew the will that she wanted to give Emma $800 and Tillie $1, but at the solicitation of proponent, who was with her, she finally increased the amounts as fixed in the will. This attitude of proponent bears no stamp of undue influence unless it be reasoned that it was a cunning attempt to hide her machinations. We may reasonably infer that one intent upon dictating the terms of a will in her favor and with power to do so would not be likely to so insist.

The record is too long to be reviewed in detail, and it would be of no benefit to do so. It is sufficient to say that it has been carefully examined and we find the disposition of her little property by the testatrix was not so unnatural as to admit of the inference that it was the result of undue influence practiced upon her by proponent. The disposition of the property appears to have been moved by a motherly consideration and the testatrix had in mind the relations with her daughters and their several claims upon her bounty.

We have not overlooked the fact that, at the time the will was made, the testatrix was living in the home of the proponent, and had been there several weeks, but this was a matter of necessity and agreeable to contestants, and the kindness of proponent in furnishing her old mother with a home must not be lost sight of. The relation so established was not a fiduciary one militating against the bequest to proponent.

*Severance* v. *Severance,* 90 Mich. 417.. We find no evidence that the relation was abused by proponent, and no facts and circumstances from which it may reasonably be inferred that the will was the result of undue influence practiced by proponent or any one in her behalf.

The circuit judge was right in entering judgment sustaining the will and the same is affirmed, with costs to appellee.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.