*In re* WALTER'S ESTATE.

1. WILLS—MENTAL INCOMPETENCY—EVIDENCE—SUFFICIENCY.

In a will contest case, evidence as to the mental incapacity of testatrix, *held*, insufficient to take the question to the jury.

2. SAME—FRAUD.

Undisputed testimony by a witness that at the request of testatrix he had the will prepared for her, that he read it to her in English and translated it in German which she understood better than English, and that she said it was just the way she wanted it, *held*, to negative contestants' claim that the will was not explained to her and that she did not understand its contents.

3. SAME—OPINION EVIDENCE AS TO INSANITY INADMISSIBLE WHERE PROPER FOUNDATION NOT LAID.

Opinion testimony by witnesses that testatrix was mentally incompetent to make a will, where not accompanied by testimony as to acts inconsistent with sanity, *held*, insufficient to take the question to the jury.

4. SAME—EVIDENCE—STATEMENTS OF TESTATRIX.

Statements of testatrix are admissible to show the state of

On the general rule as to admissibility of nonexpert opinion as to sanity and mental capacity, see note in 38 L. R. A. 721.

her mind but they are not evidence of the facts stated
by her.

Error to Wayne; Moynihan (Joseph A.), J.   Submitted June 12, 1923.   (Docket No. 138.)   Decided
July 20, 1923.

Anna Schonfield presented for probate the last will
of Anna Walter, deceased.   The will was allowed in
the probate court, and August Gütt and others appealed to the circuit court.   Judgment for proponent
on a directed verdict.   Contestants bring error.   Affirmed.

*Harry J. Lippman* (*Ralph W. Liddy*, of counsel),
for appellants.

*Edwin R. Monnig* (*Barbour, Field & Martin*, of
counsel), for appellee.

FELLOWS, J.   This case is here a second time; see
*In re Walter's Estate*, 215 Mich. 572.   A reference
to that opinion will disclose the facts and they need
not be here again stated.   We there held: (*a*) that
the contestants were not opposite parties within the
meaning of 3 Comp. Laws 1915, § 12553, and that it
was error to exclude their testimony; (*b*) that there
was no evidence of mental incapacity; (*c*) that
opinions of non-expert witnesses were not permissible
unless the witness testified to some facts inconsistent
with sanity; (*d*) that inasmuch as there was testimony tending to show that testatrix understood only
German and did not understand English and no testimony that the will was read or explained to her in
German, the case should have been submitted to the
jury upon the question of whether testatrix executed
the will with knowledge of its contents; (*e*) that statements of testatrix to the effect that she had not knowingly executed a will were receivable to show the state

of her mind but not to establish the fact; (*f*) that the claim of undue influence was inconsistent with the claim that testatrix did not execute the will with knowledge of its contents; and (*g*) that the trial court correctly refused to submit the question of undue influence to the jury.

On the second trial the contestants were sworn but their testimony added nothing to the case made on the first trial on the question of mental incapacity. Indeed, counsel for contestants state that the case on the question of mental incapacity is the same as upon the former record. We must hold, as we did then, that a case was not made for the jury on that question. Upon the trial contestants elected not to go to the jury on the question of undue influence. This was quite proper under our former holding and upon the record before us.

This leaves for consideration the question of whether there was any evidence that fraud was practiced in procuring the execution of the will, whether contestants had a right to go to the jury upon the theory that testatrix signed the will without knowledge of its contents and believing it to be an instrument of another character and for another purpose. Upon the former trial there was testimony that testatrix spoke and understood only the German language; there was no testimony that the will was read or explained to her in German before she executed it although there was proof of due execution. Upon the second trial proponent produced Mr. Grossfield, a long time resident of Detroit, who spoke both German and English. He testified that he drew her husband's will, and while at their home on that occasion she told him she wanted to make her will; that a few months after her husband's death she sent for him to make her will, and that he had it prepared for her at her request; that the paper was prepared by Mr. Monnig. He testified:

"After the paper was returned to me by Mr. Monnig, I took it up to her and read it and explained it all to her.   She said it was just the way she wanted it.   I read it to her in English and translated it to her in German.   When I obtained the information from Mrs. Walter, I carried on a conversation with her in German.   At the time I delivered this will to and translated it to her in German, I simply told her to take it and have it witnessed.

"Q. Did she say anything to you at the time you delivered the paper to her?   *   *   *

"A. She told me it was all right.

"Q. And was anyone present when you read the will to her?

"A. No, we went in another room all to ourselves."

There was no testimony tending in any way to dispute this testimony.   But it is insisted by counsel for contestants that numerous witnesses testified that testatrix did not in their opinion have sufficient mental capacity to understand the will if it was read to her in her native tongue and that this took the case to the jury.   The difficulty with this claim lies in the fact that none of these lay witnesses testified to such a state of facts as would authorize the giving of an opinion of mental incapacity.   When the case was here before we pointed out that such opinions were admissible only when the witness had testified to some facts inconsistent with sanity.   Such opinions when not based on facts inconsistent with sanity are of no force or effect and do not take a case to the jury.   In *Blackman* v. *Andrews*, 150 Mich. 322, it was said by this court, speaking through Mr. Justice CARPENTER:

"Not one of contestant's witnesses testified to a single act inconsistent with sanity; not one of them testified to a single saying inconsistent with sanity. Under the authority of *Hibbard* v. *Baker*, 141 Mich. 124, the opinions of these witnesses that testatrix lacked testamentary capacity should not have been received."

And in *Spratt* v. *Spratt*, 76 Mich. 384, it was said:

"But what weight is opinion evidence entitled to where it appears that, unaided by any one, he does in fact make a will disposing of all his property, dictating consecutively the bequests and devises he sees fit to make to a large number of relatives, near and remote? What weight or reliance should be given to the opinion of persons, interested or disinterested, professional or lay, to the effect that a person, who has in fact dictated a will disposing of all his property by successive bequests and devises, requiring consecutive thought and the exercise of memory, was unable to transact any matter of business which required for its completion several hours of time, recalling of various people and facts, or that he was mentally incapacitated to understand the nature and extent of his property, and the number and relation of those who were the proper objects of his bounty, so as to make a will devising his estate?"

Nor was the case taken to the jury by testimony showing statements made by testatrix during her lifetime. When the case was here before we held that the statements of the testatrix might be received to show the state of her mind but they were not evidence of the facts stated by her. This made the law of the case (*American Ins. Co.* v. *Martinek,* 216 Mich. 421), and was in consonance with our former holdings (*Zibble* v. *Zibble,* 131 Mich. 655; *In re Kennedy's Estate,* 159 Mich. 548 [28 L. R. A. (N. S.) 417, 18 Ann. Cas. 892, 134 Am. St. Rep. 743]).

A careful reading of this voluminous record convinces us that contestants were not entitled to take the judgment of the jury on any of the issues presented. The trial judge properly directed a verdict for the proponent.

The judgment will be affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.