*In re* MORRIS' ESTATE.

1. WILLS—MENTAL INCAPACITY—EVIDENCE—SUFFICIENCY.
   Where a will was contested on the grounds of mental incapacity and undue influence, and the undisputed testimony shows that at the time the will was executed testator was alert, normal, and in full possession of his mental faculties, the trial judge did not err in withdrawing the question of mental incapacity from the jury.[1]

2. SAME—UNDUE INFLUENCE—STATEMENTS OF TESTATOR.
   Testimony that testator had stated he intended to divide his property equally between his children and his wife, and that he had stated that he had done so, *held*, insufficient to show undue influence in the execution of his will leaving the bulk of his property to his wife.[2]

3. SAME—STATEMENTS OF TESTATOR ADMISSIBLE TO SHOW STATE OF MIND BUT NOT AS EVIDENCE OF FACTS STATED.
   Testimony of statements made by testator, if sufficient to indicate an exercise of influence over him by the wife, could not be considered as evidence of the facts stated by him, but only to show the state of his mind.[3]

[1]Wills, 40 Cyc. p. 1321; [2]Id., 40 Cyc. p. 1165; [3]Id., 40 Cyc. p. 1158.
   On effect of unnatural testamentary disposition on question of undue influence, see notes in 6 L. R. A. (N. S.) 202; 22 L. R. A. (N. S.) 1024.
   On general rules for determining testamentary capacity, see notes in 27 L. R. A. (N. S.) 2; L. R. A. 1915A, 444.

4. SAME — OPPORTUNITY TO EXERCISE UNDUE INFLUENCE INSUF-
FICIENT TO TAKE QUESTION TO JURY.

    Evidence that the wife had opportunity to exercise undue
influence over her husband in the making of his will
leaving her the bulk of his property, *held*, insufficient
to take said question to the jury.[4]

Error to Wayne; Marschner (Adolph F.), J.    Sub-
mitted July 8, 1924.    (Docket No. 62.)    Decided
October 6, 1924.

Magdalena Morris presented for probate the last
will of William E. Morris, deceased.    The will was
allowed in the probate court, and Clara M. Ehlers and
another appealed to the circuit court.    Judgment for
proponent *non obstante veredicto*.    Contestants bring
error.    Affirmed.

*Harry M. Stone* (*Bigelow & Rankin*, of counsel), for
appellants.

*Barbour & Martin* (*Henry C. L. Forler*, of counsel),
for appellee.

FELLOWS, J.    Two children by a former wife from
whom deceased was divorced contest his will which
gave the bulk of his estate to the wife with whom he
was living at the time the will was executed and at
the time of his death.    The will was executed nearly
three years before his death and when he was seriously
ill from pneumonia.    The contest was on the grounds
of mental incapacity and undue influence.    At the
close of the proofs proponent's counsel moved for a
directed verdict.    The trial judge withdrew the ques-
tion of mental incapacity and submitted the question
of undue influence to the jury, reserving the right to
enter judgment notwithstanding the verdict under the
provision of the Empson act.    The jury disallowed
the will and the trial judge entered judgment not-

[4]Wills, 40 Cyc. p. 1145.

withstanding the verdict sustaining the will.    Contestants review this judgment on error.

But little is said by appellants in their brief on the question of mental incapacity.    But little can be said for that question on this record.    Deceased was a successful business man and there is not a scintilla of testimony in any way tending to show a mental breaking down at any time in his life.    One witness, a brother of deceased, testified that he called on him several times when he was ill from pneumonia and that on one of these occasions he was sleepy, drowsy and did not recognize him; the record does not disclose whether opiates were administered or not, but the undisputed testimony shows that at the time the will was executed he was alert, normal and in full possession of his mental faculties.    The trial judge did not err in withdrawing this question from the jury.. *Pierce* v. *Pierce*, 38 Mich. 412; *In re Weber's Estate*, 201 Mich. 477; *In re Cochrane's Estate*, 211 Mich. 370.

Appellants' contention that they made a case of undue influence is also without merit.    There was testimony that deceased had stated that he intended to divide his property equally between his children and his wife and that he had stated that he had done so.    But in *Re Haslick's Estate*, 195 Mich. 432 (Ann. Cas. 1918D, 422), this court held (quoting from the syllabus) :

"Evidence that a testator had repeatedly told his neighbors how he was going to dispose of his property and a disposition of his property not in accordance with such statements is not sufficient proof of undue influence."

This holding was followed in *Re Carlson's Estate*, 218 Mich. 262.    The testator could not by his mere statements nullify his duly executed will.    *In re Kennedy's Estate*, 159 Mich. 548 (28 L. R. A. [N.

S.] 417, 18 Ann. Cas. 892, 134 Am. St. Rep. 743). There was some testimony of statements of testator which are claimed indicate an exercise of influence over him by his wife, but it is doubtful if these statements of his could be distorted sufficiently to make them statements that such influence was undue. But if they could such testimony could only be considered to show the state of his mind. His statements were not evidence of the facts stated by him. *Zibble* v. *Zibble,* 131 Mich. 655; *In re Provin's Estate,* 161 Mich. 28; *In re Walter's Estate,* 224 Mich. 211.

In the final analysis all that the evidence in this record establishes is that the wife had the opportunity to exercise undue influence over her husband and that the will makes an unequal distribution of his property. Time after time we have held that this was not sufficient. If it were every will contest would go to a jury and no one would be able to dispose of his own property as he saw fit unless his disposition of it also met the approval of a jury.

The judgment will be affirmed.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.