[No. 78. Decided October 28, 1890.]

### J. S. STEWART v. J. THEO. LOHR.

PROBATE COURT—JURISDICTION—APPEAL—REVERSAL OF VOID JUDG-MENT.

The probate court has no jurisdiction to try the title to real estate as between the representatives of an estate and the husband of the decedent, where the latter claims an interest adverse thereto.

Where a probate court had no jurisdiction of the subject-matter of an action, the higher courts could get no jurisdiction on appeal.

Where the judgment of a lower court, which was absolutely void for want of jurisdiction over the subject-matter of the action, has been removed to the supreme court, the supreme court, on a motion to dismiss the appeal, will, for the purpose of clearing the record, order the judgment of the lower court reversed.

*Appeal from Superior Court, Skagit County.*

The appellant, J. S. Stewart, made his homestead filing upon the southeast quarter of section 26, township 35 north, range 5 east, under the homestead laws of the United States, on the 5th day of January, 1880. He was unmarried, and lived on the land, improved it by clearing five to eight acres of land, set out a small orchard, built a board dwelling house 16x20 feet, and a barn, the value of the improvements on the 19th day of February, 1883, being eight hundred dollars. He married the decedent on the last named day. Thereafter they lived on the farm, and he continued to improve the same. Final proof was made February 7, 1885, and patent issued to J. S. Stewart, October 14, 1887. Augusta A. Stewart died on the 8th day

of April, 1888. Thos. S. Conmey was executor under the will, and presented his inventory on the 2d of June, 1888. He included in the real estate inventory the following: " One homestead ranch, described as follows, to wit: The southeast quarter of section 26, township 35 north, of range 5 east, consisting of 160 acres, more or less, valued at $1,000." The appraisers appraised this land at $500, apparently as community land. April 26, 1889, John S. Stewart filed his motion to strike from the inventory the above described tract of land on the ground that it was his separate property. On the 27th day of May, 1889, the motion was granted, and the said real estate ordered stricken from the inventory of the estate of the deceased. Appeal from this decision was taken on June 19, 1889, by J. Theo. Lohr, claiming to be the son and heir of the deceased, and a person interested in the estate of the deceased, to the district court for Skagit county, and was heard and determined by its successor, the superior court of that county, on the 21st day of May, 1890. The superior court found and held that the land was community property, but that the improvements up to the date of the marriage were the separate property of J. S. Stewart, and decreed him a lien on the half of the land assigned to the heirs for the sum of $400. From this decree an appeal has been taken to the supreme court.

*McBride, Preston, Carr & Preston,* and *W. S. Bush,* for appellant.

*Ronald & Piles,* for appellee.

The opinion of the court was delivered by

HOYT, J.—Upon the motion to dismiss the appeal in this cause, it was made to appear to this court that the action was instituted in the probate court, and was there a contest between the executor of an estate and one claiming adversely, as to whether or not certain real estate should

be included in the inventory of the property of said estate. When this fact appeared, suggestion was made to counsel that the question of the jurisdiction of the probate court to hear and determine such a controversy was the material inquiry which the court would enter upon in deciding the motion to dismiss; and upon such suggestion argument was had and authorities cited, and we shall, therefore, examine the question.

It is conceded that if the probate court had no authority to institute the action, by reason of want of jurisdiction of the subject-matter, then the superior court and this court could get no jurisdiction by way of appeal therefrom. That the probate court is without jurisdiction to try the title to property as between the representatives of an estate and strangers thereto is too well established by the authorities to require argument. See Schouler, Executors and Administrators, § 236; *Lynch v. Divan*, Ex'r, 66 Wis. 490; *Budd v. Hiler*, 27 N. J. Law, 43; *Snodgrass v. Andrews*, 30 Miss. 472; 64 Am. Dec. 169; *Theller v. Such*, 57 Cal. 447.

In the case at bar, the person claiming adversely to the estate was the husband of the deceased party, and it appears that this fact was thought to affect the question. We, however, do not think so. For while it is true that the probate court has jurisdiction to determine the claims to property as between those interested in the estate, this authority only goes to the extent of determining their relative interests as derived from the estate, and not to an interest claimed adversely thereto. In the case before us the husband, though interested in the estate of his deceased wife, was, so far as the claim he was attempting to assert, an entire stranger thereto. See *Budd v. Hiler*, above cited. The probate court had no jurisdiction of the subject-matter of the action, from which it follows that the higher courts could get no jurisdiction on appeal.

It only remains to determine the character of the order

to be entered. In the appellate courts of some of the states it is the practice, in cases like this, to simply dismiss the appeal and leave the judgment of the court below to stand in form as a judgment in force. These say that as the judgments are upon their face absolutely void, they will not take jurisdiction even to reverse them. Other appellate courts, however, take the ground that as they have the power to clear their own records of objectionable entries, even though as standing thereon they are absolutely void, they have like power to set aside like void entries in the inferior courts when the form of removing such void entries to such appellate courts has been complied with. We think the latter practice the better one. See *Lynch v. Divan,* Ex'r, above cited. A judgment, unreversed, though void upon its face, may seriously embarrass the person against whom it is in form rendered, though it can, of course, be of no benefit to the person who has secured it. This being so, such judgment should not be allowed to stand.

The appeal in this case must be dismissed, and the judgments in the superior court and in the probate court reversed; and such probate court must proceed in the administration of the estate in question in accordance with law. The appellant will recover costs of this court, and the appellee the costs in the superior court.

ANDERS, C. J., and SCOTT and STILES, JJ., concur.

DUNBAR, J., not sitting.