LEMUEL G. HATTON, Appellant, v. WILLIAM M. WHEATON, Administrator of Estate of Nancy S. Wheaton, Deceased.

Estates of decedents: HEIRS: LISTING. One related to a decedent simply by affinity is not an heir to his estate and need not be listed as such by the administrator.

Same: WILLS: REMAINDERS. Where the testator devised his real property to his wife for life, with power to control, use the income and to convert the same into other property, with the remainder to his children in equal shares, the portion left upon the death of the wife, and that acquired by her out of the proceeds of the

estate, passed to the remaindermen, the administrator as such hav-
ing no interest therein.

**Same:** DESCENT AND DISTRIBUTION:  HEIRS:  TITLE TO REAL ESTATE.
3  Under a will creating a life estate in the widow, with the remainder
in testator's children, the husband of a child who predeceased the
widow was not entitled to any part of the widow's estate, either
as heir or otherwise, and her administrator properly refused to
recognize him in the distribution of the estate; and whether he
would take a third of the share devised to the deceased child was
not a matter of concern to the administrator, except as it might
have come into his possession; and the title to the deceased child's
share in the realty was not a matter which could be litigated in the
probate proceedings.

**Same:** DISTRIBUTIVE SHARE:  ACTION:  PARTIES.  Under a will devis-
4  ing real estate to the wife for life, with power to use and convert
the profits into other property to be held on the same conditions,
and devising the remainder to the testator's children, the admin-
istrator of the widow, on coming into possession of the testator's
property, was accountable to the testator's executor or to the re-
maindermen therefor; and in an action by the husband of testa-
tor's daughter, who predeceased the widow, against the adminis-
trator of the widow to compel recognition of his interest in the
share of his deceased wife, the testator's executor and the chil-
dren of plaintiff's wife were necessary parties.

*Appeal from Wapello District Court.*—HON. F. W. EICHEL-
BERGER, Judge.

WEDNESDAY, FEBRUARY 19, 1913.

FIVE grounds of the demurrer to plaintiff's petiton were
sustained, and one ground thereof overruled.  The parties
elected to stand on the rulings, and the petition was dismissed.
Both parties appeal; that of plaintiff being first perfected.—
*Affirmed.*

*W. Glenn Cowell* and *Roberts & Webber,* for appellant.

*Chester W. Whitmore,* for appellee.

LADD, J.—J. S. Wheaton died testate in 1897. His will was admitted to probate, and after providing certain legacies, disposed of the residue of his estate as follows:

I give, devise and bequeath unto my beloved wife, Nancy S. Wheaton, all the rest and residue of my property and estate of whatsoever kind and nature, and wheresoever situated, for and during her natural life, with the right to use, control, and manage the same, and to use and appropriate all the income and profits therefrom, after paying the taxes and keeping up the repairs, with the remainder over to my children by her, to wit, Kate Eva Hatton, Cora Ella Baker, John D. Wheaton and Cyrus Franklin Wheaton, in equal shares. I also hereby authorize and empower my said wife to sell, deed, and convey any part of said property, and to convert the same into other property in such manner as to her may seem wise and best, the property so exchanged for, or procured by such sales or exchanges from time to time, to be held by her in the same manner as the original property; the remainder to be disposed of finally to our children as last aforesaid.

This was declared to be in lieu of dower, and the widow was named as executrix, without bond, and given a free hand in the settlement of the estate. Kate Eva Hatton, mentioned in the clause quoted, died in 1905, leaving her surviving her husband, plaintiff herein, and two children,. Lemuel G. and Elaine Louise Hatton. The widow, Nancy S. Wheaton, died in 1910, and the defendant, Wm. M. Wheaton, is the administrator of her estate. The petition alleges the foregoing facts, and in addition thereto that the testator left a large amount of property, real and personal, describing realty undisposed of by his widow, and other realty acquired by her, with the proceeds of property left by him, and that she left personal property of about the value of $10,000, which belonged to the estate of the testator and passed into the hands of defendant as administrator of the Nancy S. Wheaton's estate; that plaintiff, as surviving husband of Kate Eva Hatton, is entitled to one-third of the interest she acquired in the

estate of J. S. Wheaton, deceased, but the defendant has
in no manner recognized his interest therein in distributing
said personal property, has obtained a large part of the real
estate left by the testator, and which was subsequently ac-
quired by the widow with the proceeds of property of testa-
tor's estate, without regard to plaintiff's interest therein; and
he prays:   (1) That defendant be required to appear and
show cause why he should not recognize plaintiff as entitled to
one-third in value of the property left his deceased wife under
the will; (2) why he should not amend the list of heirs filed by
him as administrator of Nancy S. Wheaton, deceased, "and
for the purpose of showing him as entitled to his distributive
share in all of the property, both real and personal, left by
J. S. Wheaton, deceased, and all of the property acquired
by Nancy S. Wheaton, with funds obtained from the sale of
property belonging to said J. S. Wheaton, and which was
left to the wife of your petitioner, Kate Eva Wheaton, sub-
ject to provisions in said will in favor of Nancy S. Wheaton,
and asking that you be required to file a supplemental or
amended list of heirs in said estate of Nancy S. Wheaton,
giving the name of this petitioner, Lemuel C. Hatton, as one,
and showing him entitled to his distributive share in all of the
property, both real and personal, left by J. S. Wheaton or
Nancy S. Wheaton."

The petition was filed in probate, and thereto the de-
fendant demurred on the grounds: (1) That plaintiff was re-
lated to deceased Nancy S. Wheaton by affinity only, and
therefore was not her heir; (2) that Kate Eva Hatton never
became possessed, during her lifetime, of any of the property
or her interest therein, and for this reason the right of
plaintiff to a distributive share never attached; (3) that the
children of Kate Eva Wheaton, upon her death, took her in-
terest, not through the mother, but through their grand-
mother, Nancy S. Wheaton; (4) that under the will Nancy
S. Wheaton took the property absolutely, and the children of
Kate Eva Wheaton took by descent the share their mother

would have inherited, and not under the will; (5) petitioner does not show that he has any right, title, or interest in the estate of the testator or Nancy S. Wheaton; and (6) is not entitled to the relief demanded or any relief. The court sustained all the grounds of the demurrer, except the fourth, and that was overruled.

Though the defendant appealed, he has not supported the alleged error by argument, and for this reason it is not considered.

I. The plaintiff was not related to Nancy S. Wheaton, deceased, otherwise than as husband of her daughter, Kate Eva Hatton, and therefore was not her heir. For this reason, defendant, as administrator, could not properly have listed him as an heir. Sections 3411, 3412, Code.

1. ESTATES OF DECEDENTS: heirs: listing.

II. If some of the real estate owned by J. S. Wheaton remained after the death of the life tenant, it belonged to the remaindermen, and the administrator of the life tenant acquired no interest herein through his appointment as such. The same is true of any real estate acquired by the life tenant out of the proceeds of property left by the testator, J. S. Wheaton. Title to real estate passes to the heirs or devisees upon the death of the ancestor or testator (*Herriott v. Potter,* 115 Iowa, 648), and save when there is no one entitled thereto present and competent to take possession, the administrator has nothing to do with the realty of his decedent. Section 3333, Code; *Valley National Bank v. Crosby,* 108 Iowa, 651; *In re Pitt's Estate,* 153 Iowa, 269. The petition contains nothing indicating that defendant, as administrator, has or claims any interest in the real estate left by either his decedent or the testator, J. S. Wheaton, and therefore the title thereto cannot be adjudicated, in the absence of necessary parties, even if relief of this kind were demanded; and, as seen, none was prayed. See *Todd v. Crisman,* 123 Iowa, 693.

2. SAME: wills: remainders.

III. As plaintiff was not entitled to any portion of the

estate of Nancy S. Wheaton, deceased, as heir or otherwise, the defendant, as administrator, rightly declined to recognize him in the distribution thereof, but instead turned over to his children whatever their mother would have inherited, had she survived decedent. Whether plaintiff was entitled to take a third of what was left his wife, Kate Eva Hatton, under the will of J. S. Wheaton, was of no concern to defendant, save as this might be demanded of him because in his possession. But no such claim is to be found in the petition.

3. SAME: descent and distribution: heirs: title to real estate.

The recovery of property is not sought. The prayer is that plaintiff be listed as an heir for the purpose of showing him entitled to a third of what his wife was entitled to under the will of J. S. Wheaton, deceased. As said, this was rightfully refused, for that he was not an heir of defendant's decedent, and it was no part of defendant's duty to list the heirs of another estate.

If defendant was entitled to one-third of the one-fourth of the realty left by the testator, of which the life tenant acquired with the proceeds of the property which was owned by him, the probate court is not the forum in which to settle title thereto, nor can suit for that purpose be maintained without bringing in the necessary parties. *Todd v. Crisman, supra.*

Whether the estate of J. S. Wheaton has been settled, or, if not, whether an executor was appointed instead of Nancy S. Wheaton upon her decease, is not disclosed in the petition; but this is not material, for recovery of property belonging to that estate from the defendant is not demanded. Of course, if he has property of the J. S. Wheaton estate, though it were in possession of the life tenant, he is accountable to the executor therefor or to the legatees or those claiming under them. In any event, it is doubtful at least whether the probate court is the proper forum in which to sue therefor. See *Stewart v. Lohr,* 1 Wash. 341, (25 Pac. 457, 22 Am. St. Rep. 150).

4. SAME: distributive share: action: parties.

And it would seem that those adversely interested should be made parties. Manifestly, the real controversy is whether the share of the property left by the will to Kate Eva Hatton belongs entirely to plaintiff's two children, or one-third thereof to him and the remainder to them. On that proposition, they should have the opportunity of being heard. It follows that plaintiff was not entitled to the relief sought, and the court rightly sustained the demurrer on the first and last grounds. Though the third ground has been ably argued on both sides, we refrain from considering the point for the reason that it is not involved in the relief prayed, and the real parties in interest are not before the court.—*Affirmed.*