IN RE ESTATE OF THOMAS WATTERS.

ROBERT STEENHOEK, Administrator, Appellee, v. L. R. WATTERS, Intervener, Appellant, et al.

TRIAL: Calendars—Application for Order in Probate. Applications for orders in probate which necessitate a construction of a will have no place on the jury calendar, and reversible error results from a refusal to exclude them from such calendar on application of an interested litigant.

Headnote 1:   35 C. J. p. 180.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

APRIL 6, 1926.

The opinion states the facts.—*Reversed and remanded.*

*C. J. Cash* and *George C. Gorman,* for appellant.

*J. E. Remley* and *B. E. Rhinehart,* for appellee.

DE GRAFF, C. J.—The provocation for this appeal is a ruling by the trial court on a motion by the intervener to take the case out of the jury assignment and to try the matter in probate as an application for an order. The motion was overruled. The sole question, therefore, involves the method of trial.

It cannot be questioned that the forum of the instant proceeding is in probate. It must also be recognized that, under the provisions of statute, no provision exists for a jury trial in any probate proceeding except in a contest over the probate of

a will or in a contested claim against an estate. Sections 11864 and 11963, Code of 1924.

Probate powers are distinct from law and equity, although all these powers may be exercised by the same court, as a court of general jurisdiction. *Hutton v. Laws*, 55 Iowa 710; *Tucker v. Stewart*, 121 Iowa 714. The decision in *In re Estate of Jenkins*, 201 Iowa 423, is not controlling. The parties in that case voluntarily submitted to the injection of an equitable issue in a probate proceeding. No motion was filed or objection made. See, also, *Slaughter v. McManigal*, 138 Iowa 643.

The instant matter had its inception in an application by an administrator for an order of court to pay over to him certain trust funds, predicated on the theory that "all bar to: or reasons for withholding said funds in the hands of the trustee are now at an end, and there is no reason why the same should not be paid to the administrator of said beneficiary." The trustee filed what is denominated an answer to the application of said administrator, in which the trustee alleges that one L. R. Watters (intervener) had demanded the payment of the trust funds to him, by virtue of a written assignment from the beneficiary of said trust, and requests that, in view of the conflicting demands of the administrator and the assignee, the court direct the trustee as to the disposition of said funds.

Subsequently to the appearance of the trustee in this proceeding, Watters filed what is denominated a petition of intervention, in which he alleged that whatever funds there were, if any, in the hands of the trustee were assigned to him by the *cestui que trust* during her lifetime by written assignment for a valuable consideration, and that, by reason of said assignment, the intervener avers that he is entitled to any sum found to be due under said trust; and prayed that the intervener be decreed to be the party entitled to said trust fund. To this pleading the applicant, as administrator, filed a general denial.

At a regular term of the district court, counsel for administrator made oral application to the court to place said cause in the regular assignment for jury trials. At the same term, the intervener filed a motion, based on specific grounds, to strike the cause from the jury assignment, and asked the court "to

determine the said application by a hearing to the court without
a jury, or to permit either party to dismiss his application and
file suit by ordinary or equitable proceedings." Did the court
err in denying the motion of the intervener?

It appears from the pleaded facts that the trust in question
had its origin in the will of Thomas Watters, deceased, and
that, under the terms of that will, the legatee, Frances Watters,
was made the beneficiary of a trust in the sum of $1,000, payable
to her after she became of age, and upon the consent of her
father and mother thereto. Frances married Robert Steenhoek,
February 15, 1921. She died September 12, 1923, prior to the
consent given by both of her parents that she should receive the
benefit of the trust. Her husband, Robert Steenhoek, was ap-
pointed administrator of her estate, and duly qualified. It is he
who filed application for order in the instant matter.

It is obvious that the primary question for decision in the
trial court involved the right of the *cestui que trust* or her ad-
ministrator to receive payment from the trustee of the funds
in question. Necessarily, the trial court was called upon to con-
strue the terms and provisions of the trust under the will of
Thomas Watters, deceased. This fact is recognized and con-
ceded in the pleadings of all parties herein. To whom payment
should be made, is incidental and subsidiary to the primary
question.

Clearly, the application of the administrator, as well as the
petition of the intervener, was for an order of court. It was
a matter for the court to determine. The proceeding was in pro-
bate. It was a special proceeding or action, and under the
statutory classification it is distinguishable from an action at
law or in equity. Sections 10939 and 10940, Code of 1924.

The application of the administrator, under the statute,
was on the non-jury side of the probate calendar. The adminis-
trator so viewed it, in the first instance, but shifted his position,
upon the filing of the intervener's petition, and in the face of
the fact that the intervener accepted the original position taken
by the administrator as to the manner of determining the propo-
sition before the court.

Courts are liberal in permitting a party, in the commence-

ment of an action, to select his forum and the form of proceeding; but statutory limitations must be respected, especially when a proper and timely objection is interposed by an adverse party. The intervener had a right to question the voluntary and exparte assignment of the instant matter for jury hearing, and the refusal of the court, upon the motion of the intervener, to take the case out of the jury assignment constitutes appealable error. *In re Bradley,* 108 Iowa 476; *Price v. Aetna Ins. Co.,* 80 Iowa 408.

The trustee was not a real party in interest, but was simply acting in a representative capacity. The trustee viewed itself as a mere stakeholder, and it was.

The application of the administrator prayed for an order on the trustee to pay a legacy. Nothing happened subsequently to work a mutation. The legacy was created by a will, and it existed by virtue thereof. The amount to be paid was fixed by the will, and it was for the court to construe and determine whether, under the terms of the will, the legacy in the form of a trust was due and payable, under the circumstances of the case. See *Packer v. Overton,* 200 Iowa 620. When that question was determined, the court, on motion, could have permitted issues to have been framed by ordinary proceedings at law, and thereby give rise to the right of jury trial.

In legal effect, the application of the administrator was a rule to show cause why the legacy should not be paid. This was a matter for the court to decide. The application filed was not to establish a claim. The will did that, if so construed. Therefore the matter was triable to a court, and not to a jury. See *Gilruth v. Gilruth,* 40 Iowa 346; *Duffy v. Duffy,* 114 Iowa 581; *Packer v. Overton,* supra; 19 Encyclopedia of Pleading and Practice 1090.

We view the action of the administrator in securing the assignment of the matter for jury trial as premature, and the refusal of the court to strike the case from the assignment, on motion of the intervener, as error.

Wherefore, the ruling of the trial court is reversed, and the cause remanded.—*Reversed and remanded.*

EVANS, ALBERT, and MORLING, JJ., concur.