Charles T. Coulter, Executor, et al., Appellants, v. Goldie Petersen et al., Appellees.

No. 42509.

June 23, 1934.

Charles S. White and Carl P. Knox, for appellants.

Graham & Graham, C. C. Dalton, L. H. Salinger, and Ralph Maclean, for appellees.

Albert, J.—The plaintiffs brought this action in equity, alleging that one L. B. Hepp had duly made and executed a will prior to his death on the 24th of September, 1931, and that same has been lost or destroyed. Plaintiffs set out a copy of the same, which they ask to be established as the lost or destroyed will of said Hepp, in lieu of the original, and that it be admitted to probate as the lost or destroyed will of said Hepp. Goldie Petersen, one of the defendants herein, filed a motion to transfer the cause from the equity docket to the law docket, and on the 4th of January, 1934, the court made an order that the same should be transferred to the probate court. Plaintiffs duly excepted, and hence this appeal.

The question involved in this appeal, therefore, is whether or not the court erred in transferring the cause to the probate docket.

That the jurisdiction of the probate court is separate and distinct from its ordinary law and equity jurisdiction, see Mollring v. Mollring, 184 Iowa 464, 167 N. W. 524. That courts of equity never had original jurisdiction to probate a will or set aside a probate, see Leighton v. Orr, 44 Iowa 679, loc. cit. 683. In other words,

the whole trend of our decisions has been to make a definite distinction between the probate court and the equity court. To put it in another way, if a will were tendered in an equity court asking that the court admit the same to probate, the court would be without jurisdiction to make such order because the power to probate a will, under our procedure, lies exclusively with the probate court. As to whether or not an equity court has jurisdiction to establish a lost will (as distinguished from probating the same), there seems to be confusion in the authorities. In some instances the matter is controlled by statute, and aside therefrom, the courts do not agree in their opinions.

In 28 R. C. L. p. 363, after discussing the English rule, the text says:

"In this country, all probate and testamentary matters have in most if not all of the states been by statute confided either to separate courts of probate, under different denominations, or a special jurisdiction over them has been vested in courts having jurisdiction also over other subjects."

That courts of chancery do not have any jurisdiction to establish a lost or destroyed will and that such jurisdiction belongs solely to the probate court, see Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175; Domestic, etc., Missionary Society v. Eells, 68 Vt. 497, 35 A. 463, 54 Am. St. Rep. 888; Coghlin v. White, 273 Mass. 53, 172 N. E. 786; 40 Cyc. 1250, (2), (B).

In the case of Ewing v. McIntyre, 133 Mich. 459, 95 N. W. 540, this identical question was under discussion. That court said:

"The jurisdiction to admit wills to probate is now quite generally conferred upon probate courts, and in other states this extends to lost and destroyed wills, in some cases depending upon statutes expressly conferring such jurisdiction, in others, under general statutes authorizing the probate of wills and administration of estates. We are of the opinion that the weight of authority sustains the jurisdiction under such general statutes, notwithstanding the case of Buchanan v. Matlock, 8 Humph. [Tenn.] 390, 47 Am. Dec. 622, holds the contrary. Morningstar v. Selby, 15 Ohio 345, 45 Am. Dec. 579; Gaines v. Chew, 2 How. 619, 11 L. Ed. 402; Gaines v. Hennen, 24 How. 553, 16 L. Ed. 770; Waters v. Stickney, 12 Allen [Mass.] 1, 90 Am. Dec. 122; Clark v. Wright, 3 Pick. [Mass.] 67; Davis v. Sigourney, 8 Metc. [Mass.] 487; Happy's Will, 4 Bibb. [Ky.] 553;

Graham v. O'Fallon, 3 Mo. 507; Apperson v. Cottrell, 3 Port. [Ala.] 51, 29 Am. Dec. 239; Thornlin on Last Will, sections 5, 6. * * * Extended discussions of the subject will be found in several of these cases, especially Adams v. Adams, 22 Vt. 50, and Dower v. Seeds, 28 W. Va. 113, 139, 143, 57 Am. Rep. 646. In Michigan the statute confers in general language upon probate courts authority to probate wills and settle estates * * * 'There has never been any proceeding known to our laws for the mere purpose of establishing the will even of a deceased person. The probate of wills under our statutes is merely a part of the proceedings to administer the estates of deceased persons in the court that has jurisdiction and charge of such estates. This rule is so general that in some states devises are not probated at all, and in some the probate is not conclusive, because controversies concerning land are usually tried in other courts. We have enlarged the jurisdiction in probate so as to reach lands for some purposes, and have made all wills subject to probate. But there is no case where an original probate can be granted here, except in the court having jurisdiction over the estate; it cannot be done separately.' "

In McCormick v. Jernigan, 110 N. C. 406, 14 S. E. 971, the court said:

"The only difference between the probate of a will which can be produced and one which has been lost is as to the nature and quantity of the evidence required to prove it. The jurisdiction to prove the will is not changed by its loss. No equitable element is involved. The setting up a lost deed is in the court of equity not because from the nature of the evidence it must be proven in that court, but because a decree was requisite for a reconveyance, or to enjoin a recovery by the grantor * * *. The probate of a will is a simple question of proof, and no additional matter is involved which requires it to be taken into the court of equity, as is the case with lost deeds, bonds, and negotiable papers."

It would seem, therefore, that the rule thus announced is more consistent with our previous holdings along this line than would be the contrary rule. We therefore conclude that this matter is not triable in equity, but is triable in probate. The question, however, as to the terms of the lost instrument is for the court in the first instance. If the court should find that the proof is insufficient to establish the terms of the lost instrument, the plaintiffs, of course,

must fail. If, on the other hand, the court finds that the lost instrument is properly proven and established, then the next question is whether or not the same should be admitted to probate as the last will and testament of the deceased. When this point is reached the matter stands as do all wills when they are offered for probate,—that is, the same is subject to contest on any of the recognized grounds of law, and if so contested may be tried to a jury. We think this marks out the simplest way of disposition of cases of this character.—Affirmed.

CLAUSSEN, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.