In re Estate of Frank W. Anders.

Oliver H. Miller, Executor and Trustee, Appellant, v.
E. F. Hill et ux., Appellees.

No. 46937.

February 11, 1947.

Rehearing Denied April 11, 1947.

Oliver H. Miller, of Des Moines, for appellant.

Hansen & Wheatcraft, of Des Moines, for appellees.

Oliver, J.—The controversy in this case is whether the record title to a residence property in Des Moines, as shown by the abstract of title, is merchantable. Appellees E. F. and Alice Hill contracted to purchase said realty from appellant Miller, executor and trustee of Frank W. Anders, deceased, for $3,300. The agreement required that appellant furnish an abstract showing good and merchantable title.

Appellant executor and trustee made application in probate for an order that appellees pay the balance of the purchase price or the contract be ordered terminated. Previously appellant, upon notice by posting, had secured an order in probate requiring appellees to pay rent for the property. Appellees appeared and answered, alleging they had been ready, willing, and able to pay said balance upon appellant's providing merchantable title to the property, which appellant refused to do. By counterclaim appellees prayed that appellant executor and trustee be ordered to correct the title.

The court held the title was not merchantable: "That Charles Burlet, his heirs and widow have an apparent interest in or claim against the said property such that title thereto is not clear." Appellant was ordered to make the title merchantable and show the same in the abstract of title.

346

█ The real estate in question was in 1913 conveyed by warranty deed to Frank W. Anders and Flora E. Anders, which deed did not state the nature or share of the interest of each grantee. Section 557.15, Code of 1946, provides such conveyances create a tenancy in common unless a contrary intent is expressed. The grantees are presumed to take equal shares. Williams v. Monzingo, 235 Iowa 434, 439, 16 N. W. 2d 619, 156 A. L. R. 508.

█ In 1941 Flora E. Anders died intestate, presumably owning an undivided one-half interest in said property as a tenant in common with her husband, Frank W. Anders. Charles Burlet, a resident of California, was one of her heirs at law and upon her death title to an undivided interest in said real estate apparently passed directly to him, subject to be divested for payment of claims, if the personal property was inadequate. It did not come primarily into the hands of the administratrix. Flora v. Brown, 159 Iowa 253, 140 N. W. 364. Charles Burlet died in June 1943, leaving a widow (and perhaps other heirs) to whom this apparent interest in the real estate passed.

The estate of Flora E. Anders was probated in the Polk district court. Inventories of the administratrix of that estate listed this and other real estate, estimated value about $14,000, stocks, bonds, etc., estimated value about $20,000, all jointly owned by Mrs. Anders and her husband, Frank. The inventory recited that none of said joint property had come into the hands of the administratrix but all was held by Frank Anders, who, since the death of his wife, claimed the same to be his sole and absolute property as the survivor under an oral agreement between said spouses.

In 1941 the administratrix of the estate of Flora E. Anders made application to the probate court, stating this joint property was the only property of decedent of which the administratrix had notice, and asking that the probate court hold a hearing and determine whether Frank Anders owned all said property, or whether said property or some of it should be turned over to said administratrix for administration. In accordance with an order of the probate court, notice was given by posting and by registered mail. The notice mailed to Charles Burlet, at Pas-

adena, California, recited the application of the administratrix and the time and place set for hearing, "at which time you may appear and show cause, if any there be, why an order should not be entered by the court determining the question aforesaid and holding that all of the property of which decedent died seized in fact now is owned by Frank W. Anders as his sole· and absolute property, or otherwise." Charles Burlet did not appear. Nor did any heir make resistance. The hearing was conducted by the attorney for the administratrix. The evidence consisted of testimony of a niece and an affidavit of Frank Anders.

The probate court found and adjudged that Charles Burlet and the other heirs were in default, and that, under the. undisputed evidence, "to which no objection has been made," Flora and Frank Anders had held all their real and personal property under a valid oral agreement that upon the death of either the survivor should become the sole and absolute owner thereof, and that "all of the property of which decedent died seized, or in which she had any interest, insofar as the estate is concerned" and " (insofar as concerns all persons interested in this estate, including * * * and Charles L. Burlet, the sole and only heirs at law of said decedent) * * * now is the sole and absolute property of Frank W. Anders, her surviving spouse, and said administratrix is not entitled to take possession of, nor have administration upon, any of said property."

It will be noted that the application of the administratrix and the adjudication were not limited to merely determining how the property should be listed but purposed to extinguish the title of the heirs to all property of which Flora E. Anders died seized.

The final report of the administratrix of the estate of Flora E. Anders recites the foregoing adjudication and states no assets of the estate have come into her hands, as such: "That this administration nevertheless has served to establish in said surviving spouse [Frank ·Anders], as of the date of decedent's death, sole and absolute ownership insofar as concerns all per-

sons interested in this estate in and to real estate and personal property valued at more than the sum of $35,000, subject only to debts or charges of this estate.''

Notice of hearing upon the report was given by posting at the courthouse door. In May 1942 the probate court approved the report, ordered the administratrix discharged and the estate closed, and found that, through the administration and by the proceedings in probate above mentioned, sole and absolute ownership of the personal property and ten parcels of real estate (one of which is the property here in question), "insofar as concerns anyone else interested in this estate, has been established in Frank W. Anders, surviving spouse of decedent," and "that the administratrix and her attorney have rendered necessary and efficient services for this estate, resulting in establishing and clearing the title to all of said property of which decedent had died seized," and that the charges and costs of administration constitute charges against the property so acquired by the surviving spouse and should be paid by him. Apparently Flora E. Anders had no debts and the charges and costs of administration of her estate were but a small fraction of the personalty listed in the inventory.

Aside from securing release from inheritance and estate tax liability and the payment of personal taxes, the only thing allegedly accomplished by the administration of Mrs. Anders' estate was the establishing or quieting of title by the probate court to all the property therein listed in Frank W. Anders and against the heirs of Mrs. Anders. Frank W. Anders did not make claim to this property as the surviving spouse or heir of Flora E. Anders. His claim was adverse to those interested in the estate. His theory, which the probate court confirmed, was that he acquired the property by contract, as the surviving joint tenant. 48 C. J. S. 910, section 1. His status in making such claim was that of a stranger to the estate.

Frank W. Anders died in November 1942. Prior to his death he had transferred his property to appellant as trustee. Appellant was also executor of Frank Anders' will, which was probated in the Polk district court, and, in his probate inventory, listed

the property here in question as property of the trust. In 1943 appellant, apparently as trustee and executor of Frank W. Anders, made the contract to sell the property to appellees.

Appellant asserts the apparent interest of Charles Burlet in said realty (as an heir of Flora E. Anders) was extinguished by the foregoing judgment and orders of the probate court in the Flora E. Anders estate. Hence he contends his record title as the legal representative of Frank W. Anders, deceased, is. merchantable.

At this point the question is whether the probate court in the Flora E. Anders proceedings had or obtained jurisdiction to establish the contractual claim of Frank W. Anders to the property here involved as against Charles Burlet, an heir of Flora E. Anders.

21 C. J. S. 547, section 303(b), states in part:

"Ordinarily, a probate court cannot determine a question of title to property, especially where the question arises between representatives of, or persons claiming under, decedents' or wards' estates and strangers thereto, unless such question arises collaterally as a necessary incident to the determination of other matters which are within the court's jurisdiction, or unless the court, in addition to its probate powers, possesses general powers sufficient to enable it to determine such a question."

A leading case enunciating the rule applicable to courts which have probate jurisdiction only, and not general jurisdiction, is Stewart v. Lohr, 1 Wash. 341, 343, 25 P. 457, 22 Am. St. Rep. 150, which states:

"That the probate court is without jurisdiction to try the title to property as between the representatives of an estate and strangers thereto is too well established by the authorities to require argument. See Schouler, Executors and Administrators, §236; Lynch v. Divan, Ex'r, 66 Wis. 490 (29 N. W. Rep. 213); Budd v. Hiler, 27 N. J. Law, 43; Snodgrass v. Andrews, 30 Miss. 472; Theller v. Such, 57 Cal. 447.

"In the case at bar, the person claiming adversely to the estate was the husband of the deceased party, and it appears

that this fact was thought to affect the question. We, however, do not think so. For while it is true that the probate court has jurisdiction to determine the claims to property as between those interested in the estate, this authority only goes to the extent of determining their relative interests as derived from the estate, and not to an interest claimed adversely thereto. In the case before us the husband, though interested in the estate of his deceased wife, was, so far as the claim he was attempting to assert, an entire stranger thereto. See Budd v. Hiler, above cited. The probate court had no jurisdiction of the subject-matter of the action, from which it follows that the higher courts could get no jurisdiction on appeal.''

Among decisions following or approving that case, are: Walker v. Ehresman, 79 Neb. 775, 113 N. W. 218, 220; Arnegaard v. Arnegaard, 7 N. D. 475, 75 N. W. 797, 806, 41 L. R. A. 258; In re Tuohy's Estate, 33 Mont. 230, 83 P. 486, 491; McVeigh v. First Tr. Co. of Wichita, 140 Kan. 79, 34 P. 2d 571, 575; Caron v. Old Reliable Gold Mining Co., 12 N. M. 211, 78 P. 63, 6 Ann. Cas. 874; In re Singleton's Estate, 26 Nev. 106, 64 P. 513; Wright v. Wright, 11 Colo. App. 470, 53 P. 684, 686; Christianson v. King County, 239 U. S. 356, 36 S. Ct. 114, 60 L. Ed. 327; Huff v. Hot Springs Sav. T. & G. Co., 185 Ark. 20, 45 S. W. 2d 508, 511. See, also, Hartwig v. Flynn, 79 Kan. 595, 100 P. 642.

However, in Iowa the probate court is also the district court, which has general jurisdiction. As stated in Jennings v. Schmitz, 237 Iowa 580, 585, 20 N. W. 2d 897, 900:

''Time and again we have pointed out that there is but one court of general jurisdiction in Iowa—the district court. Before it all proceedings come, whether law, equity, or probate. Forms of action differ but they are not controlling. Separate dockets are kept for convenience and efficiency, to expedite but not to clog the administration of justice. The remedy to which a party to an action is entitled may be awarded in utter disregard of its place on the calendar, unless objection thereto is raised in the manner prescribed by statute—a motion to transfer to

the proper docket. If no such motion is made, any error in the kind of proceedings adopted is waived."

See sections 611.7, 611.9, 611.12, Code of Iowa, 1946; In re Estate of Heaver, 168 Iowa 563, 567, 150 N. W. 698.

In re Estate of Ferris, 234 Iowa 960, 973, 14 N. W. 2d 889, 897, states:

"The probate court of Iowa is not a separate and distinct court with powers and jurisdiction strictly its own. It is a part of the district court, which has general, original, and exclusive jurisdiction of all actions, proceedings, and remedies, including complete and exclusive administration of testate and intestate estates." Sections 604.1, 604.3, Code of 1946.

Hence the rule of Stewart v. Lohr, supra, is here applicable only as an aid in determining whether or not the probate court was the proper *forum* in which to establish the title of the adverse claimant against the heirs.

In Hatton v. Wheaton, 158 Iowa 460, 465, 139 N. W. 1108, 1110, this court, in affirming an order dismissing an action in probate by one claiming property adversely to an estate, cited Stewart v. Lohr, supra, and stated:

"In any event, it is doubtful at least whether the probate court is the proper forum in which to sue therefor."

Mullen v. Callanan, 167 Iowa 367, 380, 149 N. W. 516, an action brought to set aside certain deeds, etc., points out that equity, not probate, is the proper forum for such an action to remove a cloud upon the title to real estate.

Matheson v. Matheson, 139 Iowa 511, 515, 117 N. W. 755, 757, 18 L. R. A., N. S., 1167, states:

"The disputed question of title to land [based upon a deed to the widow], as between the widow and heirs, could not under our practice be determined by probate proceedings for the settlement of the estate where the sale of such property is not required for the payment of debts or legacies. Generally speaking, that question may be settled only by direct action at law or in equity in which the issues can be properly litigated."

Hale v. Campbell, 8 Cir., Iowa, 127 F. 2d 594, 597, was an action to establish a contractual claim of a husband to all the estate of his deceased wife. The decision states:

"But the plaintiff endeavored to litigate the claims presented by his complaint in the State court in the will contest case to which he was a party and that court, at the instance of these defendants, relegated the plaintiff to a separate action. The Iowa court may not in the exercise of probate jurisdiction try title to real or personal property involved in probate proceedings."

In re Estate of Acken, 144 Iowa 519, 528, 529, 123 N. W. 187, 191, Ann. Cas. 1912A, 1166, states that it is only when there is no heir present competent to take possession of the real estate, or where the same is necessary for the payment of debts, that an administrator has anything to do with the real estate of which one died seized:

"If the title to that real estate is in another, no action can be brought by an administrator with reference thereto, except when the known and acknowledged property of the deceased will not be sufficient for the payment of his debts."

In McGarry v. Mathis, 226 Iowa 37, 43, 282 N. W. 786, 789, one question was whether an order approving the final report of an executor adjudicated the title of a devisee named therein to an interest in the estate. The decision states:

"Jurisdiction of the court was not invoked for the purpose of determining the ultimate extent or nature of interests in the property. Nor would such determining be, in this case, incidental to an adjudication that the final report should be approved. Our statutes do not contemplate that a decree, establishing fully the rights and interests of all persons, be entered as a part of the closing of an estate, as is the case in some jurisdictions. The order approving the final report, though the report indicated the names of the devisees and legatees, did not determine more than that the executor had properly accounted and was entitled to be discharged. Crosley v. Calhoon, 45 Iowa 557, Ferry v. Campbell, 110 Iowa 290, 81 N. W. 604, 50 L. R. A. 92. We con-

clude it was not adjudicated that Marcella Mathis held an interest as a devisee."

See, also, 16 Iowa L. Rev. 195–207.

The foregoing authorities require the conclusion that probate was not the proper forum in which to try the adverse claim of title. Had Charles Burlet been properly brought into said probate proceedings to try title, he probably would have been bound by the adjudication therein. Whether, over proper objection, the administratrix, as distinguished from the heirs or the adverse claimant, could have maintained the action to try the title to the real estate, is questionable. In any event, had Burlet appeared, he would have been entitled, upon proper application, to a transfer of the action to try title to real estate to another forum, to wit, equity. The power of the court to try said action was not vested in the court as the probate court but as the district court. However, Burlet did not appear nor was jurisdiction obtained by original notice of the action served or published as required by chapter 489, Code of 1939, then in effect, for the commencing of actions. Hence no jurisdiction to adjudicate the interest of Charles Burlet in the real estate would have been obtained had the action been brought in the proper forum.

The question is whether jurisdiction was obtained solely by virtue of the fact that the action was brought in the wrong forum.

It is true we have said the administration of an estate in many phases is in the nature of a proceeding in rem (In re Estate of Ferris, supra, 234 Iowa 960, 970, 14 N. W. 2d 889), and that when statutory notice of appointment of an administrator has been given all parties interested in the estate are thereafter in court for all purposes incident to the estate (Dillinger v. Steele, 207 Iowa 20, 22, 222 N. W. 564). The distinction here is that this action to try title, with a stranger, to realty passing to heirs and not needed to pay debts, was not properly incident to probating the estate. The probate court may take jurisdiction to try title between the heirs and a stranger in an action of this nature only because it is the district court. Hence it must obtain

jurisdiction of the parties and the subject matter in the manner provided by statute for actions in the district court. The question here is not one of defective notice in probate but, as concerns Charles Burlet, of void original notice of action in district court.

We hold jurisdiction to try the title of Charles Burlet to the real estate was not obtained by the notice by posting and by mail and that the order and judgment in·the proceeding to determine title were therefore void as to such interest. We hold also that the order approving the final report of the administratrix did not serve to adjudicate such title. .

Since the adjudication relied upon by appellant was void it did not extinguish the apparent interest of Charles Burlet in the real estate and it may be collaterally attacked. Thornily v. Prentice, 121 Iowa 89, 92, 96 N. W. 728, 100 Am. St. Rep. 317. Our holding on this point is likewise applicable to the somewhat similar procedure in the estate of Frank Anders by which appellant sought to quiet title to the property as to the apparent interest of the widow of Charles Burlet.

Appellant also makes claim that Charles Burlet and his widow estopped themselves from claiming any interest in the property. However, that proposition has not been legally determined and may not be determined in this action. The contract requires a merchantable record title and may not be satisfied by furnishing extrinsic evidence of title. Creel v. Hammans, 234 Iowa 532, 538, 13 N. W. 2d 305.

. It follows that Charles Burlet, his heirs and widow have an apparent substantial interest in the property. Hence the title is not merchantable. Cappel v. Potts, 192 Iowa 661, 185 N. W. 148; Culley v. Dixon, 199 Iowa 136, 201 N. W. 582; Smith v. Huber, 224 Iowa 817, 277 N. W. 557, 115 A. L. R. 131.

The trial court was right also in adjudging void the ex parte order obtained by appellant in the probate proceedings requiring appellees to pay rent on the property.

. Our conclusions, above noted, render unnecessary the consideration of other propositions urged by appellees to sustain the judgment of the trial court.—Affirmed.

. All JUSTICES concur.