Catherine DAVIS, Appellee,

v.

**TRAVELERS INSURANCE COMPANY and
Susan Marie Davis, Executor of the Estate
of Donald Allen Davis, Deceased, Appel-
lants.**

No. 54794.

Supreme Court of Iowa.

April 13, 1972.

Roland D. Peddicord, Des Moines, for appellant Susan Marie Davis.

Ronald W. Feilmeyer, Atlantic, for appellee.

MOORE, Chief Justice.

Defendant-executor appeals from the trial court's overruling of her special appearance and the summary judgment allowing plaintiff the proceeds of a group life insurance policy. We affirm.

In May 1963 Donald Allen Davis commenced working as a route salesman for Pepsi-Cola General Bottlers Inc., in Des Moines. He was then married to Catherine Davis, plaintiff here. They had four children. By virtue of this employment and union membership, Davis became eligible for Class 2 group life insurance under the blanket policy of Pepsi with Travelers Insurance Company. Coverage was for $3000 with double indemnity in case of accidental death. In June 1963 Davis executed a designation of beneficiary form at the office of his employer. He designated Catherine Davis as beneficiary and never changed that designation. On September 24, 1964 plaintiff was granted a divorce from Davis. The decree, which bore Davis' written approval, included a provision he was to "keep up the life insurance he now has or insurance in comparable amount with the children and the plaintiff as beneficiaries. * * *." On November 2, 1964, Davis married Susan Marie Leo. Following renegotiation a successor blanket group insurance policy with substantially the same provisions was issued by Travelers to Pepsi in May 1968. It contained this same bold print provision as written in the first policy: "Beneficiary—the Beneficiary designated by the Employee in writing and filed at the office of the Employer where the records of the insurance are maintained." It also reserved to the employee a right to change of beneficiary and stated: "Any Employee insured hereunder may at any time designate a new beneficiary for the indemnity for loss of life by filing with the Employer a written request for such change on forms satisfactory to the Company, but such change shall become effective only upon receipt of such request at the Office of the Employer where the records of the Employees' insurance under this policy are maintained."

In June 1969, Davis was promoted to a non-union managerial position. He thereupon became eligible for Class 3 group life insurance benefits of $13,500 with the same double indemnity provision.

On September 13, 1969, Davis died as a result of accidental drowning. Catherine Davis claimed the insurance proceeds as the designated beneficiary. Susan Marie Davis claimed the proceeds as executor of the Davis estate, contending the 1963 benefi-

ciary designation was not effective. She was appointed executor in Polk County District Court on September 25, 1969. Faced with these conflicting claims Travelers refused to pay.

Plaintiff brought this action in the county of her residence, Cass, on October 18, 1969. She demanded judgment against Travelers for $27,000 and declaratory judgment against defendant estate finding the estate had no interest or valid claim to the proceeds of the policy.

Defendant Travelers Insurance Company entered a general appearance. Defendant-executor appeared specially to challenge the jurisdiction of the Cass County District Court and moved for dismissal of the action. Executor maintained the determination of the beneficiary was a matter involved in the administration of decedent's estate. She asserted Code section 633.13 was controlling and that only Polk County District Court had jurisdiction. The lower court overruled the special appearance. This gives rise to executor's first assigned error which will be discussed infra.

Following adverse ruling on her special appearance defendant-executor filed answer admitting the existence of the insurance policy but denied plaintiff was the beneficiary thereunder. Executor alleged the estate was entitled to the benefits. She filed a cross-petition against Travelers demanding declaratory judgment denying plaintiff's claim and establishing the estate as beneficiary. By proper pleadings Travelers then admitted liability for death benefits of $27,000 and asked the court to adjudicate the legal beneficiary.

January 30, 1970, the discovery deposition of William J. Houghton, Jr., Pepsi-Cola's Des Moines office manager was taken by all the parties. A true copy thereof was filed in the lower court.

April 20, 1970 plaintiff moved for summary judgment. Plaintiff recited: (1) a designation of beneficiary was made on June 13, 1963; (2) this was an effective designation of plaintiff as beneficiary; (3) decedent never altered his designation of beneficiary; (4) the designation was still binding; (5) decedent knew about the increase in benefits and was put on notice of the possibility of changing beneficiaries and the need to keep his designation current. Plaintiff relied heavily on the deposition of Houghton. Houghton was responsible for the group insurance program. His testimony included conversations with decedent.

Defendant-executor filed a resistance to plaintiff's motion for summary judgment. It denied generally the allegations of the motion and maintained Houghton was incompetent under Code section 622.4, commonly known as the "dead man statute".

Plaintiff's motion for summary judgment was sustained. Judgment for plaintiff against Travelers Insurance Company for $27,000 together with 5 percent interest thereon from September 13, 1969 was entered with a declaratory judgment that the estate of Donald Allen Davis had no interest in the insurance proceeds. Executor's second assigned error is that the trial court erred in sustaining the motion for summary judgment.

I. Executor-appellant contends the question as to whether decedent made an effective designation of beneficiary on the life insurance policy is a matter solely within the jurisdiction of the probate court. She argues her special appearance therefore should have been sustained. We do not agree. Executor's claim that Code sections 633.10 to 633.14 confer exclusive jurisdiction to Polk County of this matter is erroneous. Said statutes do confer jurisdiction on the Polk County District Court as to the administration of decedent's estate and for claims in the estate but here the involved claim is not in the estate, but rather a claim of the estate.

The jurisdiction of the probate court is separate and distinct from the ordinary law and equity jurisdiction of the

district court. Coulter v. Petersen, 218 Iowa 512, 255 N.W. 684; In re Estate of Watters, 201 Iowa 884, 885, 208 N.W. 281, and citations. The probate court has jurisdiction to determine the claim of property as between those interested in the estate but this authority goes only to determination of their relative interests as derived from the estate, and not to an interest claiming adversely thereto. In re Estate of Anders, 238 Iowa 344, 349–353, 26 N.W.2d 67, 70–72, and citations.

■ Plaintiff here asserts a claim as beneficiary of a life insurance policy. She is no more than a stranger to the estate. She claims no interest derived from the estate. Her claim is adverse to the estate. Cass County District Court had jurisdiction of the subject matter. Code section 604.1.

II. Rule 237, Rules of Civil Procedure, as pertinent, here provides:

"Summary judgment may be had under the following conditions and circumstances:

"(a) *For Claimant.* A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the appearance day or after the filing of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. * * *

"(c) *Motion and proceedings thereon.* The motion shall be filed at least ten days before the time fixed for the hearing. The adverse party prior to the day of hearing may file opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *

"(e) * * * The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or oral testimony. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. * * *."

■ The purpose of summary judgment is to enable a party with a just cause of action to obtain judgment without unnecessary delay and expense of trial where there is no genuine issue of material fact. Northwestern Nat. Bank of Sioux City v. Steinbeck, (Iowa) 179 N.W.2d 471, 475; Bauer v. Stern Finance Company, (Iowa) 169 N.W.2d 850, 853, cert. den. 396 U.S. 1008, 90 S.Ct. 565, 24 L.Ed.2d 500. The burden is upon the movant to show the absence of any genuine issue of material fact. And when any court is confronted with a summary judgment motion it must examine the entire record before it, including the pleadings, admissions, depositions, answers to interrogations, and affidavits, if any, to determine whether evidentiary facts are presented which, if decided in favor of defendant, would amount to a good defense of the action. Continental Ill. Nat. B. & T. Co. v. Security State Bank, (Iowa) 182 N.W.2d 116, 118; Northwestern Nat. Bank of Sioux City v. Steinbeck, supra; Sherwood v. Nissen, (Iowa) 179 N.W.2d 336, 338, 339.

Executor-appellant argues a genuine issue of fact was raised as to what the divorce decree required of decedent. The provisions of the decree raise no vital factual issue. We are to determine only the legal effect of what decedent did or did not do in regard to beneficiary designation. This is reflected by the deposition of Houghton. He testified decedent knew about the

changes in the amount of insurance and the issuance of a new certificate. Each member of the insured group was regularly advised to keep current the designation of beneficiary but decedent failed to make any change.

■ Executor filed no affidavit or attack on the testimony of Houghton other than he was incompetent under the provisions of Code section 622.4. It provides:

"Transaction with person since deceased. No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, mentally ill, or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or guardian of. such insane person or lunatic."

The record is clear and undisputed that Houghton fits none of the categories of persons incompetent to testify. He is not a party to this action and has no interest in the outcome. The parties here derive no interest in or right to the proceeds of the insurance policy from Houghton. He was competent to testify regarding his dealings and conversations with decedent. Sisson v. Johnson, (Iowa) 187 N.W.2d 745, 747, 748 and citations. See also 19 Iowa L.Rev. 521, 533.

■ Another issue argued by executor-appellant is that the insurance policy in effect in 1969 was different from the policy under which decedent signed the beneficiary designation card in 1963. Executor contends they are different policies and require independent beneficiary designation. The beneficiary designation card makes no reference to the year of the policy involved. The 1968 replacement group policy negotiated by Pepsi with Travelers includes: "This certificate replaces any and all certificates previously issued for delivery to the employee under the specific group policy." The 1968 policy between Pepsi and Travelers included, "The term 'Former Policy' as used herein means Group Life Policy No. G 284844A and/or Group Policy No. GA 284844, issued by the company, insurance under which is replaced by insurance under this policy."

The Certificate provided: "Beneficiary —the beneficiary designated by the employee in writing and filed at the office of the employer where the records of the insurance are maintained."

It is clear from the certificate statements, the policy provisions and the undisputed testimony of Houghton that the 1968 policy was merely a replacement policy and the same general insurance was to continue. As pertinent here only the policy number was changed.

■ "Where the renewal agreement so recites, or unless it provides otherwise, the terms and conditions of the existing policy are not changed, enlarged, or restricted by a renewal but are merely continued in force as binding on the parties; and an agreement to renew, in the absence of expression to the contrary, is presumed to contemplate the same terms and conditions as the existing insurance, the only change being the time of its expiration." 44 C.J.S. Insurance § 285, page 1133.

All policy or certificate references establish the beneficiary as that designated in writing by the employee with Pepsi. The only person so designated was plaintiff, Catherine Davis.

We agreed with the trial court that under the record no material issue of fact existed and that plaintiff was entitled as a matter

of law to the summary judgment as entered.

Affirmed.

All Justices concur, except LeGRAND, J., who dissents.

LeGRAND, Justice (dissenting).

The majority opinion affirms a summary judgment which prefers a long-divorced wife over a surviving spouse (who is a defendant in the action as Executor) in awarding $27,000.00 under a double-indemnity life insurance policy issued to Donald A. Davis.

It does so on the strength of a written designation of beneficiary made six years prior to death and made also while decedent was still married to Catherine Davis, the plaintiff herein. Furthermore, the designation of beneficiary was made in connection with insurance coverage which was no longer effective at the time of death.

The majority does all this without benefit of trial on the premise the designation of beneficiary was applicable not only to the coverage for which it was specifically intended but also to all subsequent insurance acquired by decedent under a group policy written by Travelers Insurance Company for the employees of Pepsi Cola General Bottlers, Inc.

Donald A. Davis was one of those employees when he met his death by drowning in 1969. He had worked for the company for some time and at first was a route salesman. In 1963, he first became covered under the company's group life policy. The amount of his insurance was $3000.00. At this time he filed a written designation of beneficiary naming Catherine Davis, who was then his wife, as his beneficiary. Later plaintiff and Donald A. Davis were divorced and the decree provided that he should maintain his life insurance then in force or other insurance "in comparable amount" for the benefit of his wife and children. Subsequent to the date of divorce decedent was advanced to a better position by his employer and became entitled to greater insurance benefits under a different class of coverage. A new certificate of insurance was issued to him in 1968 carrying coverage in the amount of $13,500.00 with a double-indemnity provision in the event of accidental death. The certificate provided among other things that it replaced any and all certificates previously issued for delivery to Donald A. Davis under the company group policy.

Two other provisions are sufficiently important to be set out in full. One is as follows:

"Beneficiary—The beneficiary designated by the employee in writing and filed at the office of the employer where the records of the insurance are maintained."

The other is:

"Payment of any part of the insurance for which there is no beneficiary designated by the employee or surviving at the death of the employee shall be made to the executors or administrators of the employee * * *"

Under this provision the insurance company also retained the option of making payments to certain designated persons when no beneficiary was named, but this has no importance to the present controversy.

Plaintiff's motion for summary judgment was sustained and the proceeds of the policy ordered paid to her on the strength of the pleadings and on the deposition of William J. Houghton, Jr., an official of Pepsi Cola General Bottlers, Inc. The executor filed no affidavits in opposition thereto, but even so the plaintiff, as the one asking summary judgment, was obligated to show herself entitled thereto under rule 237, Rules of Civil Procedure. Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970); Continental Illinois National Bank and Trust Company v. The Security State Bank, 182 N.W.2d 116, 118 (Iowa 1970).

**532**

I think the majority is wrong because in my opinion there are fact issues which must be resolved and which cannot be determined by motion for summary judgment. Although there are other less important areas of factual uncertainty which might be referred to, I limit myself to a discussion of the ultimate issue in the case—the meaning of the written designation of beneficiary made in 1963 in connection with the certificate of insurance then issued to Donald A. Davis in the sum of $3000.00.

The summary judgment may be affirmed *only* upon a finding that this designation must as a matter of law be held applicable to the certificate of insurance issued in 1968. This is the whole theory upon which the summary judgment was granted and upon which the majority affirms. One difficulty with this conclusion—at least for me—is that it assumes somehow that Travelers Insurance Company and Pepsi Cola General Bottlers, Inc. are the only interested parties and that they are the ones to determine what the language used in the policy meant. Both the trial court and the majority virtually accept Mr. Houghton's deposition as conclusive on this subject. Yet it is only *his* interpretation of the contract provisions, which, upon trial, may or may not be taken as correct.

To me the decisive point is not what Mr. Houghton thinks, nor even what Travelers Insurance Company intended. It is, rather, what decedent as a reasonable person would understand the language of the policy to mean. This court has said on several occasions that a contract of insurance should be construed from the standpoint of what an ordinary man would believe it to mean. Goodsell v. State Auto and Casualty Underwriters, 261 Iowa 135, 140, 153 N.W.2d 458, 461 (1967); Central Bearings Company v. Wolverine Insurance Company, 179 N.W. 2d 443, 445 (Iowa 1970). Since the insured is now dead, this is of necessity provable only by circumstantial evidence. Admittedly the executor's burden in this respect would be a difficult one, but she should have the opportunity to meet it if she can.

I do not find the policy language so clear and unambiguous that reasonable minds could not disagree on the meaning of the terms. Apparently the majority believes that reference to a designation of beneficiary on file must necessarily mean a designation *previously* on file. I cannot accept the rationale which holds *as a matter of law* that the 1963 designation fixed the rights of the parties under the 1968 certificate.

The issue then clearly is whether the written designation of 1963 provides that payment shall be made to the plaintiff Catherine Davis or whether payment should be made to the decedent's estate because no beneficiary had been designated as to the insurance effective at his death. Despite Mr. Houghton's long deposition, there is not one bit of evidence contained therein to substantiate plaintiff's theory that the beneficiary question was brought to decedent's attention at the time the new certificate was issued or that the matter was discussed with him or explained to him. Mr. Houghton, in fact, specifically denies any such conversation. The most that can be said in this regard is that someone else in the organization periodically enclosed in the pay envelopes a reminder that insurance beneficiaries should be changed when necessary. Even assuming such literature came to decedent's attention, it would not foreclose this executor's right to a trial. If decedent was justified in assuming in the first place from the language of his new certificate that the insurance payable under it would go to his estate if he did not designate a beneficiary for that coverage, then it was unnecessary for him to consider making *any* designation of beneficiary as long as he was satisfied to have the proceeds put in his estate.

Clearly this crucial issue was a fact question to be decided by a jury or other fact finder under the rules announced recently by this court in Brammer v. Allied Mutual Insurance Company, 182 N.W.

2d 169, 172 (Iowa 1970) and the authorities there cited.

I would reverse the trial court and remand for a trial on the merits.